FRED MITTAN, PETITIONER-DEFENDANT, v. JACK O'ROURKE AND HAROLD WILSON, RESPONDENTS; HAROLD S. WILSON, PROSECUTOR.

Submitted January term, 1935—Decided May 21, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the prosecutor, *Cox & Walburg* (*Arthur F. Mead,* on the brief).

For the defendant, *Herman W. Kurtz.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This *certiorari* brings up for review a judgment awarding compensation to the petitioner.

The petitioner was in the employ of Jack O'Rourke, doing mason work, as a result of which he sustained eye injuries which arose out of and in the course of his employment. He filed a petition against O'Rourke praying for compensation under the statute. The petition was not contested and an award was made which the petitioner was unable to have satisfied, either in whole or in part, the said O'Rourke not having any workmen's compensation insurance. Thereafter, an amended petition was filed and served upon the respondent

Harold S. Wilson on the theory that he was answerable by virtue of the provisions of an "Act concerning the compulsory insurance of compensation payments, &c." *Pamph. L.* 1917, *ch.* 178, ¶ *5, art.* 1, *p.* 524, as amended by *Pamph. L.* 1921, *ch.* 272, *p.* 803, and as further amended in *Pamph. L.* 1924, *ch.* 128, *p.* 245 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3898, § **236-72). The last amendment is the pertinent one, in that, *inter alia,* it contains the following: "Any contractor placing work with a subcontractor, shall, in the event of the subcontractor's failing to carry workmen's compensation insurance as required by this act, become liable for any compensation which may be due an employe or the dependents of a deceased employe of said subcontractor."

The deputy commissioner determined that the said Wilson was a "contractor" within the meaning of the amendments to the statute (1924), *supra,* and made an award to the petitioner against the said Wilson.

The facts in the case, so far as the legal question before us is concerned, have been stipulated and the pertinent facts are these: That Wilson owned land upon which he was having constructed a house for his own use and occupancy; that he is not a builder in the technical sense, never having built any other house and not intending to build any other; that in fact he is employed in a clerical capacity in a high school in Newark, New Jersey; that he let out, by written contract, the mason work to O'Rourke, the plumbing, carpenter and electrical work to other persons by separate contract; that the said O'Rourke failed to carry workmen's compensation insurance as required by law; that Wilson was carrying a Standard Workmen's Compensation Employers' Liability Policy of Insurance covering the premises in question.

The issue before us then, is whether or not Wilson was a contractor within the meaning of the statutory language.

We do not think that he was and therefore the judgment of the compensation bureau must be set aside.

Reverting to the language of the statute quoted above, its provision is that the contractor is liable for compensation due employes of a subcontractor when his subcontractor failed to

carry workmen's compensation insurance. Now a subcontractor, in *Bouvier's Law Dictionary* (*Rawle's* 3d ed.) page 3163, is defined as follows: "One who has entered into a contract, express or implied, for the performance of an act with the person who has already contracted for its performance." Certainly this definition cannot be said to describe the relationship existing between Wilson and O'Rourke, but on the contrary it signifies that O'Rourke was a contractor in every sense of the word as far as doing the mason work on this house was concerned. At all events he was not a subcontractor.

Wilson was not in the business of building houses but had contracted with the several mechanics to have a completed house erected, the work being given out in the several parts that go to make a completed structure. Each of the mechanics having the contract with Wilson, one for electrical work, another for carpenter work, &c., was a contractor in contemplation of law and so far as the record before us shows there was no subcontractor involved in the case at all. Now if Wilson had made one contract for the construction of the building he could not be called a "contractor" and the fact that the work was split up into parts does not alter the situation.

The cases from other jurisdictions cited in support of the judgment are not helpful because they are all in construction of particular statutes from those states, which upon investigation prove to be very dissimilar to our amendment (1924, *supra*) upon which the judgment in this case is grounded.

The judgment against Wilson which is under review will be set aside.