New Jersey Department of Labor,
Workmen's Compensation Bureau.

JOSEPH GERBER, PETITIONER, v. SAMUEL SHERMAN AND ARROW CONSTRUCTION COMPANY, RESPONDENTS.

Decided February 23, 1937.

For the petitioner, *Schotland & Schotland.*

For the respondent Arrow Construction Company, *George A. Meredith.*

For the respondent Samuel Sherman, *Samuel Sherman, pro se.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

Upon the conclusion of the trial on January 19th, 1937, counsel by stipulation agreed to submit short memoranda in lieu of oral argument, which memoranda have been filed with me and their contents carefully examined.

From the evidence there appears to be no dispute that the petitioner was regularly employed by Samuel Sherman as a

bricklayer, receiving wages at the rate of $40 per week; that on June 19th, 1936, while he was engaged in laying bricks upon a dwelling house then under construction at 832 South Eleventh street in the city of Newark, he met with an accident arising out of and in the course of his employment, when he fell from the scaffold on which he was working, striking his head and shoulder as he landed on the ground several feet below; that he was taken immediately thereafter to the Beth Israel Hospital by ambulance where upon admission he was still unconscious; that he remained a patient at the said hospital for a period of seven weeks under the care of Dr. Louis Byck for the following injuries: concussion of the brain with hemorrhage, multiple fractures of the skull, extensive ecchymosis and protrusion of the right eye, and contusions of the right shoulder; that following his discharge from Beth Israel Hospital petitioner was treated by Dr. Byck and is still under his care; that he has been wholly incapacitated from work up to the present time; that as a result of his injuries he now suffers from permanent disability to a considerable degree; and that his employer, Samuel Sherman, obtained due notice of the said injuries within the time fixed by paragraph 15 of the act, having been present when the accident occurred. It also appears from the undisputed evidence that the Arrow Construction Company, a corporation duly organized under the laws of the State of New Jersey, was engaged in the business of building dwelling houses for speculation and sale; that on or about May 1st, 1936, it purchased a building lot at 832 South Eleventh street, in Newark, and shortly thereafter began building operations in the construction of a dwelling house thereon for the purpose of selling same either before or after completion; that the company did none of the actual work itself but entered into several separate contracts with various contractors, for excavating, mason work, plumbing, carpenter work and electrical work; and that on or about May 15th, 1936, after the excavation work had been finished, the company entered into a written contract with Samuel Sherman for the masonry work for the fixed price of $875, all material, however, to be furnished

by the company. Pursuant to the terms of the contract, Sherman began work on May 20th, 1936, with his several employes and on June 9th, 1936, he hired the petitioner to do the brick-veneering work, who worked steadily until the day of the accident. It also appears that on or about June 5th, 1936, the company entered into an agreement with one, Ruth Dorman, for the sale of the premises subject to the existing specifications and contracts, title to same actually passing on August 25th, 1936. The evidence further discloses that at the time of the said accident Samuel Sherman was without workmen's compensation insurance coverage in violation of the Employers' Liability Insurance act, chapter 178, laws of 1917 (*Cum. Supp. Comp. Stat.* 1911-1924, *pp.* 3896 *et seq.,* §§ \*\*236-68 *set seq.*), and amendments.

Although there is no question but that the respondent Samuel Sherman is primarily liable to the petitioner under the act, the main point in controversy is whether or not there is similar liability under the statute to hold the respondent Arrow Construction Company. Restated in a clearer and more concise manner, the issue is simply this: Was the Arrow Construction Company a *"contractor"* within the meaning of chapter 128, laws of 1928, so as to create the relationship of contractor and subcontractor between Samuel Sherman and itself? The pertinent part of the statute, the subject-matter under consideration, reads as follows: "Any contractor placing work with a subcontractor, shall, in the event of the subcontractor's failing to carry workmen's compensation insurance as required by this act, become liable for any compensation which may be due an employe or the dependents of a deceased employe of said subcontractor."

In *Miltan* v. *O'Rourke,* 115 *N. J. L.* 177; 178 *Atl. Rep.* 797, the Supreme Court held that a person, who undertakes to build a house for his own use and occupancy and who contracts with several mechanics for the erection of same, is not a *contractor* within the intendment of the statute; and that the mechanics undertaking their several contracts are not his subcontractors. And in the recent case of *Priby* v. *Lee et al.,* 15 *N. J. Mis. R.* 292, Judge Brennan ruled to the same

effect, holding that one, engaged in the business of building houses, who constructs a house on his own account for the purpose of sale, either before or after completion, and who contracts the actual work of construction in its various phases to others, is not such *"contractor"* as contemplated by the statute. In both cases the court, upon interpreting the term *"subcontractor,"* in accordance with its statutory meaning, adopted the definition as given in *Bouv. Dict. (Rawle's 3d Rev.)* 3163, as "one who had entered into a contract, express or implied, for the performance of an act with a person who has already contracted for its performance."

Viewed in the light of these two decisions, the conclusion is inescapable that the Arrow Construction Company, at the time it undertook to build on its own account the house in question and in turn contracted the masonry work to Samuel Sherman for a certain consideration, was not a *"contractor"* within the meaning of chapter 128, *Pamph. L.* 1924; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3898, § **236-72; and by the same token Samuel Sherman was not a *"subcontractor."* It is quite clear, on the other hand, that the Arrow Construction Company was owner-builder, and Samuel Sherman was the contractor.

Petitioner, however, urges that he is entitled to recover against both, because, prior to his hire by Sherman and before the occurrence of the accident, and while the house was still under construction, the Arrow Construction Company entered into an agreement with one, Ruth Dorman, to sell the premises, subject to all existing specification and contracts, contending with vigor that the Arrow Construction Company thus became a contractor in the sense that it undertook to finish the construction of the house for another, and that Samuel Sherman thereby became a subcontractor. Such contention is untenable. The legal status of the Arrow Construction Company and Samuel Sherman was determined at the time they entered into their contract on May 20th, 1936; and being that of owner-builder and contractor respectively, any subsequent act of one of the parties—as for example, the agreement made by Arrow Construction Company on June

5th, 1936, with Ruth Dorman for sale of the premises—could in nowise change their relation to each other or cause a transition in their status.

\*         \*         \*         \*         \*         \*         \*

JOHN J. STAHL,
*Deputy Commissioner.*