31 N.J. Super. 450 (1954)
107 A.2d 59
STEVEN BRYGIDYR, PETITIONER-APPELLANT,
v.
WILLIAM RIEMAN T/A FEDERAL WINDOW CLEANING COMPANY, RESPONDENT, AND M.G.V. SCHAEBISCHER T/A SCHWABEN HALLE, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1954.
Decided July 2, 1954.
*451 Before Judges EASTWOOD, FRANCIS and FREUND.
*452 Mr. Elias A. Kanter argued the cause for the petitioner-appellant (Mr. Louis C. Jacobson, attorney).
Mr. Henry F. Hoey, Jr., argued the cause for the respondent-respondent (Mr. William P. Braun, attorney).
The opinion of the court was delivered by FREUND, J.A.D. (temporarily assigned).
Steven Brygidyr was seriously injured on June 14, 1952 when, while washing windows, he fell from the third floor of a building owned and operated by the respondent M.G.V. Schaebischer, trading as Schwaben Halle. He filed a petition for compensation against two respondents, Schwaben Halle, and William Rieman trading as Federal Window Cleaning Company. The Division of Workmen's Compensation made an award against both respondents for temporary and permanent disability. The respondent Schwaben Halle appealed to the Essex County Court, which dismissed the petition as to it.
Schwaben Halle alleges it is a cultural and singing society. It owns and operates a three-floor brick building in which are located a rathskeller, a restaurant and tavern, and on the upper floors are meeting rooms which it occasionally rents to other societies. The respondent Rieman had for many years washed the windows of the Schwaben premises whenever necessary  approximately once a month. The petitioner Brygidyr testified that he was by trade a window washer, regularly employed by the Ace Window Cleaning Company, which is not involved in the present litigation; that in his free time he worked for Rieman; that it was on Rieman's instructions that he was washing the windows of the Schwaben premises when the accident occurred.
In his testimony, Rieman, who carried no workmen's compensation insurance, denied that he ever had any employees or that the petitioner had worked for him in 1952. Later he admitted that he had instructed Brygidyr to clean the Schwaben windows. There was testimony on behalf of Schwaben that payment for the washing of the windows, *453 which was usually done by Rieman himself, was customarily made to Rieman.
R.S. 34:15-79 provides in part as follows:
"Any contractor placing work with a subcontractor shall, in the event of the subcontractor's failing to carry workmen's compensation insurance as required by this article, become liable for any compensation which may be due an employee or the dependents of a deceased employee of a subcontractor. * * *"
Undoubtedly, the purpose of the statute is to protect employees of irresponsible and uninsured subcontractors by imposing liability on the more generally responsible principal contractor, but not to impose liability on a property owner because his contractor failed to carry insurance. On the theory that keeping the windows clean was a task which Schwaben was required to do as part of its regular business and that it had contracted with the societies that rented the meeting rooms so to do, the Division of Workmen's Compensation held both Schwaben and Rieman liable  Schwaben as the original or primary contractor, and Rieman as a subcontractor. Thus, the ruling was that Schwaben was liable for compensation by virtue of the statute.
The question of liability depends upon the determination of whether, at the time of the accident, Schwaben and Rieman had the relationship to each other of contractor and subcontractor within the meaning of R.S. 34:15-79.
A contractor within the intendment of the statute is one who contracts directly with the owner of a property for construction, or improvement, or repair, or work to be performed. Hence, under the circumstances of this case, Schwaben being the owner of the property could not have been a contractor. The washing of windows was not in the line of Schwaben's regular business, and the contention that it had contracted to keep the windows clean is without merit. As a matter of fact, the record discloses no contractual relationship between Schwaben and its tenants in any respect. To hold otherwise would mean that any property owner who *454 contracted for services would be liable for injuries sustained by the contractor's employees.
It necessarily follows that Rieman was not a subcontractor  he was an independent or original contractor. A subcontractor is one who enters into a contract with a person for the performance of work which such person has already contracted with another to perform. In other words, subcontracting is merely "farming out" to others all or part of work contracted to be performed by the original contractor. Mittan v. O'Rourke, 115 N.J.L. 177 (Sup. Ct. 1935); Priby v. Lee, 15 N.J. Misc. 292 (Cty. Ct. 1936); Gerber v. Sherman, 15 N.J. Misc. 295 (W.C.B. 1937), affirmed 120 N.J.L. 237 (Sup. Ct. 1938); Romano v. Milmoe, 20 N.J. Misc. 35 (W.C.B. 1941); Jordan v. Lindeman & Co., Inc., 23 N.J. Misc. 194 (Cty. Ct. 1945); Bertucci v. Metropolitan Construction Co., 21 N.J. Super. 318 (App. Div. 1952).
We conclude that Schwaben as the owner of the premises in question was not a contractor, and that Rieman was not a subcontractor, but an independent, original contractor. Hence, the dismissal of the petition as to Schwaben was proper. Affirmed.