MADISON ENTERTAINMENT CORPORATION and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.

*April 11—May 9, 1933.*

For the appellants there was a brief by *Stephens, Sletteland & Sutherland* of Madison, and oral argument by *Robert J. Sutherland.*

The *Attorney General* and *Mortimer Levitan,* assistant attorney general, for the respondent Industrial Commission.

WICKHEM, J.   The question upon this appeal is whether the defendant Lenahan, the employer of Kleinheinz, was a contractor or subcontractor *under the plaintiff,* Madison Entertainment Corporation, within the meaning of sec. 102.06, Wisconsin Statutes. The facts are not in issue, and the question is solely one of law.   Sec. 102.06 provides as follows :

"An employer subject to the provisions of sections 102.03 to 102.34 shall be liable for compensation to an employee of a contractor or subcontractor under him who is not sub-

ject to sections 102.03 to 102.34, or who has not complied with the conditions of subsection (2) of section 102.28 in any case where such employer would have been liable for compensation if such employee had been working directly for such employer."

It is obvious enough that the words "contractor" and "subcontractor," as those terms occur in sec. 102.06, were intended to have a restricted meaning, and the question is how restricted this meaning is. In *Deep Rock Oil Co. v. Derouin,* 194 Wis. 369, 216 N. W. 505, this court said: "It is plain that the term 'contractor' as used in the compensation act must receive a restricted meaning," and in *Great A. & P. Tea Co. v. Industrial Comm.* 205 Wis. 7, 236 N. W. 575, it was said:

"It is probably true, as plaintiff contends, that sec. 102.06 was not intended to make an employer liable to the injured employees of every one with whom the employer had some sort of contractual relations."

It is contended by the plaintiffs that the significant and restricting clause which gives a clue to the legislative intent is the phrase *"under him,"* that it was intended to restrict the terms "contractor" and "subcontractor" to those situations where the employer had some control over more than simply the outcome of the work contracted for; that it does not include situations in which there is really a vending or leasing; that Lenahan was subject to no control by the Entertainment Corporation; that like any other seller of amusement or entertainment, he agreed to put on his show, which happened to be a baseball game; that the company merely guaranteed a net return to the owner of the show, and accepted whatever financial risk was involved.

It is contended by the commission that Lenahan was clearly not a lessee nor an employee, and that he must have been a contractor. The case of *Great A. & P. Tea Co. v. Industrial*

*Comm., supra,* is cited as directly in point. In that case one Arndt agreed to haul butter at a stipulated rate for the Great A. & P. Tea Company. He carried no compensation. One Hattle, employed by Arndt, was killed in the course of trucking. It was held that the Great A. & P. Tea Company was liable, the court stating:

"By reason of that contractual relationship with plaintiff, Arndt, when actually performing services exclusively for plaintiff, was either an independent contractor, or an employee of plaintiff for hire."

After pointing out that the Great A. & P. Tea Company was liable to Hattle if he was to be treated as their employee, the court then held that if Arndt was an independent contractor the statute applied since he was not a common carrier.

It is contended by the Industrial Commission that under the doctrine of the *Great A. & P. Tea Co. Case,* the only kind of contractual relations excluded by sec. 102.06 are those arising out of the relation of lessee and lessor. The case does not sustain such a position. The act plainly uses the words "contractor" and "subcontractor" in a more restricted sense than that contended for by the commission. While it may be difficult to set precisely the boundaries of the restriction, we think it may accurately be said that the statute was intended to deal with situations where a person or corporation discharges his or its duties under a contract by subletting work, or where such person or corporation delegates his or its usual business to another under contract.

The editor of an elaborate note in 58 A. L. R. 872, in commenting upon statutes of this type, states:

"It would seem that the chief purpose of provisions of this type is to protect the employees of subcontractors who are not financially responsible, and to prevent employers from relieving themselves of liability by doing through independent contractors what they would otherwise do through direct employees."

This conclusion appears clearly to be sound and to be sustained by the cases cited in the note, although the statutes are sufficiently different so that the cases are only useful to indicate a general opinion as to the scope and intent of such enactments. Thus in this case, if the contract between Lenahan and the Entertainment Corporation was for services promotive of the ordinary and usual business of the corporation, and which would otherwise be performed through direct employees of the corporation, the conclusion would be that sec. 102.06 was operative and the corporation liable for injuries to employees of Lenahan. That such is not the situation is quite clear under the evidence. The Madison Entertainment Corporation was not organized to give entertainments through and by its employees. Its business was the promotion of entertainments in order to exploit the facilities of the baseball field. Its position was analogous to that of the owner of a theater who gives guarantees to traveling shows in order to promote the profitable operation of the plant constituting the theater. Its business was the furnishing of facilities for giving entertainments, rather than the giving of them through its own efforts. Hence the corporation was not attempting to discharge its business through independent contractors and thus avoid the necessity of doing business through direct employees. Sec. 102.06 is not applicable. It follows that the judgment must be reversed and the award vacated.

*By the Court.*—Judgment reversed as to Madison Entertainment Corporation, and cause remanded with directions to enter judgment vacating the award of the Industrial Commission as to it, and confirming the award as to E. L. Lenahan.