SCHOOL DISTRICT No. 1, TOWN OF HILES and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*October 9—November 6, 1934.*

*L. A. Pradt, Jr.,* of Wausau, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FAIRCHILD, J. There are two separate and distinct contracts treated as one by the Industrial Commission and the trial court. One contract is between the School District No. 1, Town of Hiles, and George Wald. This contract contemplated the renewing of the roof upon the school build-

ing of the district, and under it Wald engaged to place a new roof over the old one, doing the work and furnishing the material for the stipulated sum of $500. The terms and conditions of this contract made Wald an independent contractor. *Badger Furniture Co. v. Industrial Comm.* 200 Wis. 127, 227 N. W. 288; *Kneeland-McLurg Lumber Co. v. Industrial Comm.* 196 Wis. 402, 220 N. W. 199. The effect upon appellants of Wald's failure to carry insurance must be confined to this contract only. The other contract was between Wald and Votis, the injured man, under which Votis hired his services to Wald, agreeing to perform such acts as his employer, Wald, requested. Votis was directed to work in the shingle mill owned by Wald until he was no longer needed there and then, if the roof job for the school was not completed, he was to assist in that work. In the legal sense of the phrase, Votis was, at the time of his injury, in the sole employment of Wald upon work disassociated from the appellant school district. The evidence briefly summarized is this: The district officers decided to reroof the school building. The kind of shingles and nails to be used were specified. They received bids from others and from Wald for this work. The bid received from Wald was accepted. There was no restriction placed upon the contractor as to where he secured his shingles, and he was at liberty to manufacture them or buy them from other manufacturers.

The commission, when the matter was before it, found that in carrying out the agreement with the school district, Wald employed Votis "to begin work cutting shingles in the small shingle mill, advising him [Votis] definitely that when a sufficient number of shingles were cut, he would also be required to lay shingles on the school building;" and the commissioners further found, "that the contract between the school district and the respondent Wald was an entire one covering not only the laying of the shingles but the cutting

of them also; . . ." The terms of the Workmen's Compensation Act restrict liability for compensation to employers and those who are expressly made liable because of some recognized and described relation to the injured workman. In the absence of such a relationship, no liability for compensation can exist. *Madison Entertainment Corp. v. Industrial Comm.* 211 Wis. 459, 248 N. W. 415.

The evidence bearing upon Votis' status as an employee of Wald in the shingle mill is not in dispute, nor is the evidence in dispute as to the facts creating and limiting the relation of the school district to Wald under the contract for replacing the roof. This being so, the findings of the commission cannot be conclusive. *Tesch v. Industrial Comm.* 200 Wis. 616, 229 N. W. 194. The district's liability is fixed and limited by its contract, and is not enlarged because of the circumstance of Wald owning a shingle mill in which he intended to manufacture the shingles to be used in placing the roof upon the schoolhouse. The mere proposal of Wald later to employ Votis on the school building did not subject the municipality to any claim for compensation because of injuries sustained by Votis while he was working for Wald in Wald's shingle mill.

The court below amended the award by requiring George Wald to pay compensation, making him liable together with the school district and its insurance carrier. The amendment fixing the liability of George Wald is proper. In other respects, and so far as the appellants are concerned, the award was in excess of the power of the commission, and the proceedings against the appellants should be dismissed.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment vacating the award of the Industrial Commission against the plaintiffs.