WELLS COAL & DOCK COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.

*March 12—April 7, 1937.*

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth Grubb* and *Arthur Larson* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ROSENBERRY, C. J.  The question for decision is whether under the facts of this case the plaintiffs are liable under the provisions of sec. 102.06, Stats., for compensation.  That section provides:

"An employer shall be liable for compensation to an employee of a contractor or subcontractor under him who is not

subject to this chapter, or who has not complied with the conditions of subsection (2) of section 102.28 in any case where such employer would have been liable for compensation if such employee had been working directly for him. . . ."

Was Ferdinand Miller a contractor of the Dock Company within the meaning of this section? It is considered that this case is ruled by *Madison Entertainment Corp. v. Industrial Comm.* (1933) 211 Wis. 459, 248 N. W. 415, in favor of the plaintiffs. As was there pointed out, a contractor within the meaning of this section is one who undertakes to do some part of the work ordinarily done by the principal by whom he is employed. Boilermaking and boiler repairing was no part of the Dock Company's business. Ferdinand Miller was no more a contractor within the meaning of this section than he would have been if the boiler had been loaded on a truck, taken to his shop and there repaired. He was no more a contractor than an automobile mechanic who repairs a car which is brought to his shop and in the course of the operation uses his helpers. The repair of boilers was something entirely distinct and apart from the business of the Dock Company. While it is true the relationship between the Dock Company and Ferdinand Miller was contractual in the sense that he was entitled to a reasonable compensation for his services, and could maintain an action upon an express or implied contract according to the circumstances of the case to recover therefor, he was not a contractor within the meaning of that term as used in sec. 102.06, Stats., for the reason stated in the *Madison Entertainment Corp. Case.* It is clear as pointed out in that case that the term "contractor" was not used in a broad and all-inclusive sense in sec. 102.06. So construed, the statute would lead to absurd and inconsistent results.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to the lower court to enter judgment setting aside the award.