MARINETTE COUNTY FAIR ASSOCIATION, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*February 12—March 9, 1943.*

For the appellant there was a brief by *Lehner & Lehner, Adolph P. Lehner, Howard Eslien,* and *Howard N. Lehner,* all of Oconto Falls, and oral argument by *Adolph P. Lehner.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan* and *Mr. Emmet McCarthy* of Marinette.

FOWLER, J. The case involves an award by the Industrial Commission under the Workmen's Compensation Act, ch. 102, Stats. The applicant Jones was a rodeo performer in the employ of Medo Calzavara who gave rodeo performances. Calzavara owned the horses and equipment and hired the performers and helpers engaged in giving the shows. The Marinette County Fair Association entered into a contract with a booking agency whereby the agency "agreed to produce the rodeo" for a performance on September 10, 1939, at the association's annual fair for a specified portion of the receipts for entry to the grandstand to view the show. By contract between Calzavara and the agency, Calzavara was to give the show and to receive a specified portion of the net receipts of the agency. The association made no charge for entry to the grounds or to view the general exhibits. During the giving of the fair the association had more than three persons in its employ. Neither Calzavara nor the agency carried the compensation insurance as required by the act. The commission awarded compensation against both Calzavara and the Fair Association under sec. 102.06, Stats.

The Fair Association had no contractual relation whatever with the applicant for compensation. It is dragged in as an employer of the applicant under said sec. 102.06, Stats., which so far as here material reads:

"An employer shall be liable for compensation to an employee of a contractor or subcontractor under him who is not subject to this chapter, or who has not complied with the con-

ditions of subsection (2) of section 102.28 in any case where such employer would have been liable for compensation if such employee had been working directly for him."

The commission held that the Fair Association was an "employer" of a "contractor or subcontractor" under the provision quoted and liable under the act to Jones. Calzavara was no doubt a subcontractor of the booking agency with whom, and only whom, the Fair Association entered into a contract to furnish the show. But at most the relation of Jones to the Fair Association was no different than that of the ballplayer to the *Madison Entertainment Corporation* in the case of that corporation *v. Industrial Comm.* 211 Wis. 459, 248 N. W. 415. The injured ballplayer in that case was an employee of Lenahan, the owner of a baseball club who ran the ball game and hired him and carried no compensation insurance, just as Jones was an employer of Calzavara, who gave the rodeo show and who hired him and carried no compensation insurance. We held that the Entertainment Corporation was not liable to the injured ballplayer in the case cited. No more, and for the same reason is the Fair Association not liable to Jones. The rationale of that case is (opinion page 463) that "the statute was intended to deal with situations where a person or corporation discharges his or its duties under a contract by subletting work, or where such person or corporation delegates his or its usual business to another under contract." The purpose of the statute is "to prevent employers from relieving themselves of liability by doing through independent contractors what they would otherwise do through direct employees," page 463. The Fair Association had no duty to furnish entertainment through its own employees, any more than the Madison Entertainment Corporation had. Nor did it delegate to Calzavara its business under contract any more than that corporation did. The rule of the case cited was applied in the case of *Hudson v. Industrial Comm.* 241 Wis. 476, 6 N. W. (2d) 217, where the city of Hudson let by contract the

repair by sandblasting of a city-operated toll bridge, and an employee of the contractor was injured in the course of his employment. With stronger reason is the rule applicable here.

Other reasons are urged by the plaintiff for reversal of the case but we see no occasion to discuss or state them, as for the reasons above stated the judgment must be reversed.

*By the Court.*—The judgment of the circuit court is reversed so far as it granted an award against the appellant, and the cause is remanded with directions to vacate its judgment as against the appellant and enter judgment vacating the award of the Industrial Commission as to the appellant.