BRITTON, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*March 15—April 12, 1946.*

For the appellant the cause was submitted on the brief of *Hill, Miller & Hill* of Baraboo.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Fort Atkinson Canning Company and Hardware Mutual Casualty Company there was a brief by *Wilkie, Toebaas, Hart & Jackman* of Madison, and oral argument by *L. E. Hart.*

ROSENBERRY, C. J.  The facts as found by the examiner for the Industrial Commission are as follows: The Fort Atkinson Canning Company, hereinafter called "Canning Company," is engaged in the business of canning vegetables, particularly peas; that the Canning Company entered into written contracts with the farmers in the vicinity of their plant whereby the farmers agreed to raise peas and sell same to the Canning Company at an agreed price; that the Canning Company agreed to inspect the crops and determine when it was ready for harvest and would, when it appeared necessary, arrange for the farmers to have the crops dusted so as to prevent their destruction by pea lice; that the expense incurred for dusting was charged to the farmers by the Canning Company; that in accordance with this custom the Canning Company entered into a contract at an agreed cost per acre with A. E. Padags, who was an airport operator, the conductor of a flying school, and who was also engaged in commercial work of hauling passengers and dusting crops, to dust the fields of the farmers who were contractors of the Fort Atkinson Canning Company; that Padags engaged Donald Britton as a pilot of the respondent Padags' plane that was to be used in the dusting of the crops; that the respondent Padags had in his employ prior to the time that he engaged Britton as a pilot three employees at different times, and at the time of the injury of Britton Padags had three employees, and that he therefore became subject to the provisions of the Workmen's Compensa-

tion Act of the state of Wisconsin; that he did not insure his liability under said act.

That the deceased Britton, in accordance with his contract of hire by the respondent Padags, proceeded to dust the crops of the farmers who had contracts with the Canning Company, and while so doing, met with injury resulting in his death on June 19, 1941.

Upon these facts, the examiner found that Britton was an employee of Padags and not an employee of the Canning Company, and that at the time Padags was not a contractor under the Canning Company; that the Canning Company did not at any time employ Britton; that said company was not engaged in the business of dusting crops by airplane and did not own or operate any airplanes nor did it have any dusting equipment to be used in that type of work; that the Canning Company arranged on behalf of the farmers to have the work done by Padags, who was fully equipped to handle that type of work.

The examiner cited the following cases to support his conclusion: *Madison Entertainment Corp. v. Industrial Comm.* (1933) 211 Wis. 459, 464, 248 N. W. 415; *Wells Coal & Dock Co. v. Industrial Comm.* (1937) 224 Wis. 546, 272 N. W. 480; *Hudson v. Industrial Comm.* (1942) 241 Wis. 476, 6 N. W. (2d) 217.

Upon the basis of these findings an award for compensation was made against Padags and the proceeding dismissed as to the Canning Company. Upon plaintiff's petition for review by the Industrial Commission, the findings and determination of the examiner were confirmed.

Upon this appeal, the award against Padags is not questioned but the plaintiff contends in effect that the cases cited by the examiner should be overruled and that sec. 102.06, Stats., should be re-examined and the determination as to the Canning Company should be held to be erroneous.

Sec. 102.06, Stats., provides:

"An employer shall be liable for compensation to an employee of a contractor or subcontractor under him who is not subject to this chapter, or who has not complied with the conditions of section 102.28 (2) in any case where such employer would have been liable for compensation if such employee had been working directly for him. . . ."

The effect of the construction of the statute contained in the cases cited by the examiner was to exclude from the provisions of this section employees of independent contractors who render specialized services not ordinarily and customarily performed by the employer for himself. So it was held in *Madison Entertainment Corp. v. Industrial Comm., supra.* In that case it was held plaintiff, which was organized for the purpose of promoting or arranging athletic events, was not liable to a baseball player who was injured while playing in a baseball park as a member of a ball team employed by the plaintiff to furnish entertainment. The court said:

"In this case, if the contract between Lenahan [manager of the ball team] and the Entertainment Corporation was for services promotive of the ordinary and usual business of the corporation, and which would otherwise be performed through direct employees of the corporation, the conclusion would be that sec. 102.06 was operative and the corporation liable for injuries to employees of Lenahan. That such is not the situation is quite clear under the evidence. The Madison Entertainment Corporation was not organized to give entertainments through and by its employees. Its business was the promotion of entertainments in order to exploit the facilities of the baseball field. . . . Its business was the furnishing of facilities for giving entertainments, rather than the giving of them through its own efforts."

The statute was so construed in *Deep Rock Oil Co. v. Derouin* (1927), 194 Wis. 369, 216 N. W. 505, decided at the August, 1927, term. While the legislature has been in session many times during the intervening years, the construction placed upon the statute by the court has not been changed.

The Canning Company was not equipped to nor did it by its employees engage in the dusting of pea fields by airplane. Padags was an independent operator and was equipped to do that kind of work. It is true that the Canning Company made the arrangement with Padags but it made the arrangements on behalf of the owners of the fields and was authorized so to do. The testimony is undisputed that the final determination rested with the farmer who owned the field even though the Canning Company thought the field should be dusted, if the owner said "No," that was the end of it. It is true that the Canning Company supervised many of the details relating to planting, maturing, and harvesting the crop, but that was for the purpose of securing a satisfactory end result. The Canning Company wished not only to procure peas but it wished to procure peas of a satisfactory kind, grade, and quality.

This case is clearly distinguishable from the cases cited in plaintiff's brief. The distinction is so clear that it would serve no useful purpose to reanalyze these cases. What the plaintiff overlooks is the fact that the service being performed by Padags was not a service that employees ever performed directly for the Canning Company itself. If under the contract between the Canning Company and the farmers the Canning Company was required to dust the peas at its own expense, and had equipment which it operated for that purpose, the arguments made by plaintiff would be sound, but the facts as found by the commission negative such a situation.

*By the Court.*—Judgment affirmed.

RECTOR, J., took no part.