## Buckhorn Coal & Lumber Company v. Georgia Casualty Company.

(Decided January 24, 1928.)

### Appeal from Clark Circuit Court.

1. Insurance.—Logging and lumbering company, filing notice of election to bring itself under Workmen's Compensation Act, pursuant to Kentucky Statutes, section 4956, and taking out policy of insurance describing locations at which its business was conducted, held liable ot insurer for premium on policy covering its liability on basis of remuneration to total number of employees, irrespective of whether they worked at locations described, since liability of employer under section 4953 extended to all employees without respect to location.

2. Insurance.—Company, owning large bodies of timber land, engaged in cutting and preparing timber for market, held not "contractor" under Workmen's Compensation Act, section 10 (Ky. Stats., section 4891), providing principal contractor, intermediate, or subcontractor shall be liable for compensation to employees of intermediate or subcontractors, and extent of premiums due from such company as employer on policy covering its liability to employees was properly computed by eliminating moneys paid independent contractors.

BEVERLY R. JOUETT for appellant.

J. SMITH HAYS for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Facts appearing herein, about which there is no dispute, are conclusive of the question presented by appellant's direct appeal. The appellant is a corporation, and was engaged in the lumber and timber business. It concluded to pursue that operation under the protection of the Workmen's Compensation Act (Ky. Stats., secs.

4880-4987). In order to bring itself under the act, as is required by section 4956, Kentucky Statutes, it filed with the Workmen's Compensation Board notice of its election to operate thereunder on form No. 1, prepared by the board. In the appropriate place in the blank where it is required that there shall be inserted the name of the industry, business, or operation on which election is made, it inserted the following:

"Logging and lumbering, including the tie hoists at Athol, Ky., White Ash, Ky., and West Irvine, Ky."

.   The same notice specified that the method of securing payments of compensation to its employees which the employer had elected to adopt was by insurance, and the appellee, Georgia Casualty Company, was named as the insurance carrier. "Logging and lumbering" is classified by the Workmen's Compensation Board as a business or enterprise which may be engaged in under the protection of the Compensation Act as follows:

"Logging and lumbering—including transportation of logs to mill and construction, repair, maintenance and extension of lines, but excluding operations of 'logging railroad' (no mill operations). Payment to include drivers, chauffeurs and their helpers."

This classification is given the number 2720 to identify it. Section 4953, Kentucky Statutes (section 70 of the Workmen's Compensation Act), provides:

"Every policy or contract of workmen's compensation insurance under this act, issued or delivered in this state, shall cover the entire liability of the employer for compensation under this act to each and all of his employees covered by such policy, except as otherwise provided in section 4947 hereof, regardless of whatever other contingencies may be insured or provided for by riders attached thereto or endorsements made thereon."

When appellant elected to operate its "logging and lumbering" industry under the protection of the Workmen's Compensation Act by filing the notice of election it did with the board, it necessarily intended to so operate that business as defined and classified by the Work-

men's Compensation Board.  The fact that the notice of election and the description of the business stated that it would be understood as "including the tie hoists at Athol, Ky., White Ash, Ky., and West Irvine, Ky.," can by no stretch of the imagination be construed as excluding from the "logging and lumbering" industry any part of that business as defined by the Workmen's Compensation Board in classifying it.  Under the provision of section 4953, Kentucky Statutes, quoted supra, when the policy of insurance designates the business as classified by the board which has been elected to be operated under the Compensation Act, which the insurance policy is issued to cover, no stipulations or riders attached to the policy may lessen the liability of the insurance carrier, but the policy will, under the express provisions of the statute, be construed to cover the entire liability of the employer to his employees engaged in the industry which he has elected to operate under the protection of the act.  As indicated above, "logging and lumbering," as classified and defined by the Workmen's Compensation Board, is given the identifying number 2702.  It appears from the record herein that, when appellant elected to operate that business under the protection of the act and to insure his liability to his employees, he procured policy No. U. S. 1339 issued by appellee, Georgia Casualty Company. In accordance with section 4953, Kentucky Statutes, the insurance contract issued to appellant describes the classification of the operation for which it insured appellant as "logging and lumbering," and gave it the number 2702 to designate its class as it had been classified by the Kentucky Workmen's Compensation Board.  These facts, under the statutes, to which we have referred, definitely fix the business which appellant elected to operate under the Compensation Act, and these same facts and statutes also definitely fix the liability of the insurance carrier under its policy of insurance.  It was its "logging and lumbering" business, as that business is classified and defined by the Compensation Board, identified by the number 2702, "including the tie hoists at Athol, Ky., White Ash, Ky., and West Irvine, Ky.," which appellant elected to operate under the Compensation Act, and the policy of insurance issued and delivered by appellee to it bound the insurer to full liability to all of its employees engaged in that undertaking, regardless of any stipulations or provisions of the policy which may seem to lessen the liability of the insurer.  These questions were fully

discussed in Kelly et al. v. Nussbaum, 218 Ky. 330, 291 S. W. 754, and what was there said need not here be repeated.

The policy form used by appellee has a blank space in which the "locations of all factories, shops, yards, buildings, premises, or other work places of this employer, by town or city, with street and number" are to be inserted; and in the policy delivered to appellant that blank was filled by inserting, "Athol, Ky., White Ash, Ky., West Irvine, Ky." Although the policy of insurance which issued to, and was received by, appellant did so read, the liability of the insurance carrier under the policy was not thereby limited to such of the employees of the insured as might be injured while prosecuting that industry at those places. Appellant elected to operate its entire logging and lumbering industry under the protection of the act as the industry so designated is classified by the Workmen's Compensation Board. As so classified, the operation of "logging railroads" and "mill operations" only are excluded from what ordinarily is to be understood as embraced in logging and lumbering operations. Under section 4953, supra, of our Statutes, nothing that may be written into the insurance contract can be construed to relieve the insurer of liability to the employees of insured, where that liability arises in the course of the business which he has elected to operate under the protection of the Compensation Act. Therefore, although the policy stated that the premises and work places of this employer were at Athol, Ky., White Ash, Ky., and West Irvine, Ky., that provision of the policy did not have the effect of restricting the liability of the insurance carrier under the insurance contract to liability for accidents occurring to the employees of the insured while prosecuting the work at those three places named. It is the business or enterprises as classified by the Workmen's Compensation Board which the employer elects to operate under the protection of the act which is identified by the classification and manual number which must be given in the policy, which, under the statute we have quoted, fixes the liability of the insurance carrier; and this liability cannot be contracted against, or lessened by, stipulations of the policy.

Appellant, the employer in this case, elected to operate its logging and lumbering industry, "including the tie hoists at Athol, Ky., White Ash, Ky., and West Irvine, Ky.," under the protection of the act, and appel-

lee insurance company insured it against all liability for injuries to its employees received by them in the course of their employment, and while engaged in prosecuting the business or operation which the employer had elected to so operate. Having insured the employer against liability arising by reason of the prosecution of the undertaking under the protection of the Compensation Act, appellee's liability was not limited to such of the employer's employees only as were injured while working at Athol, Ky., White Ash, Ky., and West Irvine, Ky., but extended to all of its employees wherever engaged in the business elected to be operated under the protection of the act.

The premium rate for insurance policies of this character is based upon the total amount of wages paid by the employer to his employees, which was intended to include the wages of all employees to whom under the provisions of the policy and of the Compensation Law the insurer would be required to pay compensation, in the event they should be injured while engaged in the industry which the employer had elected to operate under the act. Therefore the trial court properly concluded that the appellee insurance carrier was entitled to take into account the wages of all the employees laboring for appellant in the prosecution of the logging and lumbering industry which it had elected to operate under the protection of the act in arriving at the amount of premium due under the policy, because the insurer would have been liable to all of them if they had been injured while so engaged. The contention of appellant that, because the policy stated that the premises and work places of this employer were at Athol, Ky., White Ash, Ky., and West Irvine, Ky., its liability for injuries received by employees of the insured was limited to such of its employees as worked at the three places named, or as worked at preparing timber for delivery which was delivered to the three places named, and hence that the insurer in arriving at the amount of the insurance premium could take into account the wages of only such employees, cannot be sustained.

For the reasons indicated, on the direct appeal of appellant, judgment herein must be affirmed.

By the judgment appealed from herein the trial court held that the insured had paid to its employees $27,351.10 by way of wages which had not been taken into account in arriving at the amount due as premium on the insur-

ance contract, and allowed additional premium at the rate specified based upon this sum paid in wages. Appellee insurance company contended below that $39,-327.55 had been paid by insured to its employees as wages which had not been taken into account in arriving at the amount of premium due under the insurance contract. The trial court held that the difference between the amount adjudged to have been paid as wages and the amount claimed by appellee to have been paid as wages was paid by appellant insured, not to its employees, but to independent contractors; and hence could not be taken into account in arriving at the amount of premium due under the insurance contract. Appellee excepted in so far as the judgment held that the sums of money paid to independent contractors could not be taken into account under the terms of the policy in arriving at the total amount of the premium, and has prosecuted a cross-appeal, insisting that the judgment is erroneous in that particular.

The policy provides that the premium is based upon the entire remuneration earned during the policy period by all employees of this employer engaged in the business elected to be operated under the protection of the Workmen's Compensation Act. There is attached to the policy a rider, which refers to and makes a part of the insurance contract the entire chapter of our statutes devoted to the Workmen's Compensation Law, and this rider provides:

"This employer, upon acceptance of this policy, agrees that the remuneration of all the employees of any contractor, intermediate contractor or subcontractor, who undertakes for this employer any part of the business operations covered by this policy under the conditions set forth in section 10 of such Workmen's Compensation Law, shall be included in the return of remuneration upon which the premium is computed. . . . The requirements of this paragraph shall not apply if this employer is not liable under said section or is exempted from such liability through compliance with its terms."

It is insisted for appellant that, in view of these provisions of the policy, and by virtue of the provisions of section 10 of the Workmen's Compensation Act (section 4981, Kentucky Statutes), the trial court erred in not holding that sums paid to employees of independent or

subcontractors must be included and held to be remuneration paid to the employees of the insured, and taken into account in computing the full amount of the premium under the insurance contract.  The quoted portion of the policy makes it plain that it was never intended that remuneration paid to employees of independent or subcontractors should be taken into account in computing the amount of the premium on the policy, unless their employees were brought under the protection of the act, and the insured and his carrier of insurance would have been liable to them for compensation, if they had been injured while engaged in the work for which they had been paid. Section 10 of the Compensation Act (section 4891, Kentucky Statutes), relied upon by appellee on the cross-appeal as fixing such liability, reads:

> "A principal contractor, intermediate or subcontractor shall be liable for compensation to any employee injured while in the employ of any one of his intermediate or subcontractors and engaged upon the subject matter of the contract, to the same extent as the immediate employer."

It will be observed that this section of the statute applies only in cases where the enterprise which has been elected to be operated under the Compensation Act has been undertaken by one who is a contractor.  As applied to the case now before us, the liability imposed by subsection 10 of the Compensation Act upon the principal contractor for injuries received by employees of his intermediate or subcontractors can be imposed upon appellant, Buckhorn Coal & Lumber Company, only in the event that it as a contractor had undertaken to do the work which it elected to operate under the protection of the Compensation Act.  To illustrate: If A desires to build a house, and contracts with B to build it for him in accordance with plans and specifications made part of the contract, and B elects to prosecute the undertaking under the protection of the Compensation Act, and subsequently sublets a part of the undertaking, such as the plastering of the walls or the doing of the brick work, to an independent subcontractor, under the section, supra, of the Compensation Act, B, the contractor, is liable to the employees of the subcontractor, and the amount of their wages should be taken into account in arriving at the total amount of premium owing by B to his insurance carrier.  If, however, A, who owns the lot, and desires

to build a house on it, engages in that undertaking himself, buys his own materials, and employs his own hands, he would not be a contractor, and would not come under the terms of section 10 of the Compensation Act, supra. Consequently, if while so building his house he contracts with another under such circumstances that the other becomes an independent contractor to do the plastering or the brick work, the other is not his subcontractor within the section, supra, of the Compensation Act, and the employees of the latter are not employees of the former.

The record here establishes that appellant, Buckhorn Coal & Lumber Company, was not engaged in the logging and lumbering business which it elected to operate under the protection of the Compensation Act as a contractor; but that this business was its own business. It owned large bodies of timber land from which it was having the timber cut and prepared for market. We find no evidence in the record tending in the least to establish that any of the logging and lumbering business which it engaged in under the protection of the Compensation Act was engaged in by it as a contractor. Part of the sum found by the trial court to have been paid to independent contractors consists of money paid by appellant to others for finished timber products, such as railroad cross-ties. None of this, of course, could be taken into account in estimating the amount of premium due on the insurance policy. In other instances, where appellant had purchased timber products or had its own timber cut and manufactured into the finished product, it contracted with others to float these products by water to certain places of delivery, and the contracts were such that the others became independent contractors. The wages of the employees of these independent contractors could not be taken into account in estimating the amount of the premium under the insurance contract.

The conclusive feature of this branch of the case is the fact that insured was prosecuting the business or undertaking which it elected to operate under the protection of the Compensation Act for itself, and not as a contractor. Under the contracts which it let to others, under the circumstances shown, the contractors were independent contractors, and their employees cannot be considered employees of appellant, and their wages cannot be taken into account in ascertaining the amount of the premium under the policy. The record is such that it cannot be

said that the trial court erred in concluding that, as to the difference between the amount found by the chancellor and that contended for by appellee as the amount of remuneration to appellant's employees, it was paid to independent contractors. Appellee's contention on the cross-appeal that, though that be true, yet under the provisions of section 10, supra, of the Commonwealth Act, and the quoted provisions of the insurance policy, it must yet be taken into account in arriving at the premium due, being unsound for the reason that this appellant was not operating as a contractor so as to bring this case within the provisions of section 10 of the Compensation Act, it necessarily follows that the trial court correctly rejected this contention of appellee, and eliminated the amounts paid by appellant to independent contractors in computing the amount of premium due under the policy sued on herein. The judgment appealed from will therefore be affirmed on the cross-appeal.

Affirmed on both the direct and cross appeals.