### The AETNA CASUALTY AND SURETY COMPANY et al., Appellants,

v.

### Lester A. FREEMAN et al., Appellees.

Court of Appeals of Kentucky.

March 1, 1968.

As Modified on Denial of Rehearing May 10, 1968.

J. Donald Dinning, Winfrey P. Blackburn, Jr., McElwain, Dinning, Clarke & Winstead, Louisville, for appellants.

John A. McCrea, Edward G. Gildersleeve, Jr., Louisville, for appellee Lester A. Freeman.

Stewart Berry, pro se.

WADDILL, Commissioner.

Appellee, Lester Freeman, an employee of appellee, Stewart Berry, d/b/a Industrial Screw Products Company, hereinafter referred to as Berry, was severely injured on June 24, 1965. These parties were operating under the provisions of the Kentucky Workmen's Compensation Act and Freeman filed an application with the Workmen's Compensation Board seeking compensation, naming Berry and his insurance carrier, The Aetna Casualty and Surety Company, hereinafter referred to as Aetna, as defendants. Aetna filed a special answer asserting that it was not liable under its insurance policy for the payment of compensation due Freeman. Its defense was predicated upon the assertion that when Freeman was injured he was not engaged in the class of risks that was protected by the policy it had issued to Berry.

Following a hearing upon the issue raised by Aetna, the Board decided that "Aetna is without liability, under the policy here involved, for any compensation which may be due plaintiff for the disability resulting from his injury." The circuit court (KRS 342.285) reversed, holding Freeman's injury had occurred while serving his employer on a mission within the operation classified by Aetna's policy and remanded the case to the Board for the purpose of determining the extent and duration of Freeman's disability. On appeal to this court (KRS 342.290) the only question presented is whether Aetna is liable for the compensation benefits due Freeman.

The facts as found by the Board were that, prior to October 1964, Berry obtained from Aetna, through an independent insurance agent, a policy of workmen's compensation insurance covering for one year the operation of a machine shop at 3723 Bishop Lane in Louisville. The "classifications of operations" contained in the policy was "Machine Shops N.O.C. * * *." *

* The initials N.O.C. stand from not otherwise classified.

At the time the policy was issued Berry had three part-time but regular employees, all of whom were employed in the operation of machines. Shortly before the time of Freeman's accident, the number of employees had grown to some nine or ten, all of whom operated machines but some of whom also performed other duties, such as maintenance and truck driving, which were incidental to the operation of the shop.

During the spring of 1965, Berry learned that his premises on Bishop Lane were to be taken by public authority for the construction of a sewer project. He obtained another location on Pinewood Road and began the construction of another plant. In doing so, he acted as his own general contractor, subletting some of the work and having his own employees do the rest of it. He employed Freeman, who lived next door to the Bishop Lane plant and was out of work, to assist in the construction work and in moving machinery from the old location to the new. Freeman was a construction laborer and a roofer and had never worked in a machine shop and was not hired by Berry to do so. While in the act of applying roofing to the new building, as instructed by Berry, Freeman fell and suffered serious injuries. He is now a paraplegic.

■■ Since the policy issued by Aetna to Berry described the classification of the operation for which Berry was insured as "Machine Shops" it obligated Aetna to pay the compensation liability of Berry to all of Berry's employees engaged in that business without respect to the location of the business. KRS 342.375; Buckhorn Coal & Lumber Co. v. Georgia Casualty Co., 222 Ky. 683, 2 S.W.2d 383. The classification of risk was binding on the insurer and the insured. 44 C.J.S. Insurance § 64c. While the provisions of KRS 342.375 tend to make liability of the insurer complete, regardless of contingencies and policy provisions to the contrary, nevertheless, our cases hold that the insurance coverage extends only to the particular business classification named in the policy. Old Republic Insurance Company v. Begley, Ky., 314 S. W.2d 552.

The insurance company's underwriting agent testified in this case that the policy's coverage would extend to activities of employees "necessary or incidental" to the operation of the machine shop.

In Bob White Packing Company v. Hardy, Ky., 340 S.W.2d 245 and in Old Republic Insurance Company v. Begley, Ky., supra, we recognized that insurance coverage is not excluded where there is a "natural connection between the business insured and the business in which the injured or deceased employee was serving."

■ In the instant case we believe that the providing of a new physical plant to house Berry's machine shop was just as much a part of the operation of this business as the purchase and installation of new equipment or the maintenance of the building and equipment prior to the relocation of the physical plant. In light of our decisions on the question at hand it would be unrealistic to decide that at the time Freeman was injured he was not engaged in performing duties that were necessary and incidental to the operation of Berry's business.

Had Freeman been a regular employee at Berry's machine shop or had he been employed for and engaged in performing extra janitorial services there and been injured while working on a roof at this plant, it reasonably could not be argued that Aetna was not liable. The same reasoning we think is applicable in this case.

Hence, we conclude that the circuit court correctly decided the issue in the case.

The judgment is affirmed.

All concur.