BITUMINOUS CASUALTY CORPORATION, Appellant,

v.

Edward G. ROBINSON et al., Appellees.

Court of Appeals of Kentucky.

Feb. 18, 1972.

Craft & Haynes, Hazard, for appellant.

Kelsey E. Friend, L. D. May, Pikeville, for appellees.

MILLIKEN, Judge.

The issue on this appeal is whether a Workmen's Compensation insurance policy issued by the Bituminous Casualty Corporation to the Childers Tire and Supply Company, a corporation, to cover its oil and gasoline distributorship business, covered Edward G. Robinson, an employee of the insured who was severely burned at a retail gasoline service station ostensibly controlled by the insured some distance from its bulk plant.

Robinson suffered permanent and total disability from burns incurred when gasoline ignited while he was cleaning the retail service station floor. Bituminous expended over $20,000 for weekly compensation payments of $44.00 to Robinson for a period of about twenty months and for his extensive hospital and medical expenses before it gave notice to the insured that its policy did not cover the accident because it had concluded that the retail service station where the injury occurred was an individually operated business and not one operated by the Childers Tire and Supply Company, its insured. Since the circuit court affirmed the Workmen's Compensation Board's finding in favor of the Supply Company, it ordered Bituminous to continue its weekly payments to Robinson pending disposition of the appeal.

The insured, the Supply Company, operated a Gulf Oil distributorship; it maintained a bulk plant, installed service gasoline pumps, and sold and delivered gasoline and oil to its customers. The insurance renewal certificate it secured from Bituminous (under the item "Classification of Operations") bore the words "Gasoline or Oil Dealer's" Code #8350, and "Installa-

tion of Gasoline pumps for retail stations", Code #3724. The code number for Retail Gasoline stations was #8387 and was not included on the renewal certificate. The Supply Company's records were audited by the insurer and we find no intentional misleading of the insurer by its insured.

After making the aforesaid payments to and for the injured employee, Bituminous discovered that the retail filling station, where Robinson was injured, was owned by Childers individually and asserts that it was operated by him when he could find no lessee. The Supply Company contended that the retail station was operated by it when not leased to another, but conceded that the property was owned by Childers individually. Robinson had been an employee of the Supply Company for a number of years, but had worked at the retail service station for several months immediately before his injury when the station was not leased to other persons. No lease from Childers to the Supply Company was introduced, but the Board found as a fact that the filling station was "leased" to the Supply Company and that "Payroll records and other evidence clearly establishes that he was an employee of the corporation" (the Supply Company). The circuit court adopted the Board's findings. There is no written lease in the record to support the Board's finding as to the lease so the Board must have used the term "lease" to signify some sort of working arrangement between Childers and his corporation. The word "lease" is often used loosely. Vol. 24A, Words and Phrases, page 237.

It is interesting to note that the policy renewal certificate does not specify that retail gasoline service stations are excluded, but merely says, "Gasoline or Oil Dealers (and) Installation of gasoline pumps for retail station * * *" and portends to cover the insured's usual operation covered by the policy at both Pikeville and Shelbiana in Pike County. The insurance policy itself is not in the record. The retail service

station where Robinson was injured was located in Pikeville.

The accident to Robinson occurred in 1966 when KRS 342.375 read as follows:

"Every policy or contract of workmen's compensation insurance under this chapter, issued or delivered in this state, shall cover the entire liability of the employer for compensation under this chapter to everyone of his employes covered by such policy, except as otherwise provided in KRS 342.345, *regardless of whatever other contingencies may be insured or provided for by riders attached thereto or endorsements made thereon. On the face of every such policy shall be printed conspicuously the words, 'Insurance under this policy is in class (designating the class) of the company's workmen's compensation classification manual'. In the blank provided the number or other designation in the manual under which the policy is written shall be placed before the policy is issued. If more than one class of risk is covered by the same policy, the separate risks and their corresponding manual classifications shall be stated in the same manner.*"

Our case-law construing and applying the statute before its amendment in 1968 is well summarized and analyzed in Globe Indemnity Company v. Doyle, Ky., 426 S.W.2d 425 (1968), and we will not repeat it here. Our construction of the statute in earlier cases has been criticized by Larson on "Workmen's Compensation" Section 93.20, on the ground that it defeats the full coverage provision of the statute by permitting that portion of the statute for the assignment of rates as between the employer and insurer to outweigh the full coverage provision of the statute by construing and confining the meaning of the words "full liability" to mean full liability to the classes of employees named in the policy under the insurance code numbers.

In our most recent cases a relaxation in our application of the statute is evidenced by Aetna Casualty & Surety Co. v. Freeman, Ky., 427 S.W.2d 220 (March 1, 1968) and Globe Indemnity Co. v. Doyle, supra, decided March 29, 1968. In the former case, the insurance classification was "Machine Shops N.O.C.", yet we held that Freeman, a construction worker, who was employed to help move the machine shop to another location and was injured while applying roofing to the new building, was covered by the insurance policy because it was work incidental to the operation of the machine shop business. In the latter case, we held that Doyle, a handy-man who was employed in his employer's beverage distribution business and who was killed, it was conceded, when piloting an airplane in connection with that beverage business was, nevertheless, covered by the employer's policy even though it did not list airplane operation as one of the fields of activity specifically insured, saying:

"We do not believe, however, that the legislative intent was to permit a coverage that would extend to certain workmen and not to others (unless, as the statute provides, they are protected by employer's self-insurance under KRS 342.340 and 342.345) who are employed in the same business.

* The statute was amended in 1968 to read as follows, apparently to eliminate the type of question presented in the instant case:

"Every policy or contract of workmen's compensation insurance under this chapter, issued or delivered in this state, shall cover the entire liability of the employer for compensation to every one of his employes subject to this chapter, except as otherwise provided in KRS 342.345. However, if specifically authorized by the

476 S.W.2d—53½

director, a separate insurance policy may be issued for a specified plant or work location if the liability of such employer under this chapter to all his other employes subject to this chapter is otherwise secured and provided that no employe transferred from one plant or work location to another within the employment of the same employer shall thereby lose any benefit rights accumulated under the average weekly wage concept." (Effective June 13, 1968.)

"It is our opinion that when there has been an election to operate under the provisions of the workmen's compensation act the law intends for all eligible employes to be covered by insurance or employer's self-insurance. It is the responsibility of the employer and his insurer to see to it that the classifications set forth in the policy are sufficiently comprehensive to include all eligible employes. If they do not, one of them may have a remedy against the other, but the employe is covered by the insurance."

In Doyle, of course, the policy involved would not have covered had Doyle been killed while working at the airport—a separate corporation owned by his employer but not covered by the policy. But in the case at bar, the filling station was so linked with the Supply Company as an outlet for its products and Robinson kept on the company payroll throughout that we conclude he is entitled to protection under the policy.

The judgment is affirmed.

All concur.