**TRANSPORT INSURANCE COMPANY,**
**Appellant,**

v.

**Shelvie Jean WIMPEE, nee Shelvie Jean**
**Kitchens, individually, etc., et al.,**
**Appellees.**

Court of Appeals of Kentucky.

Oct. 20, 1972.

**710**

Armer H. Mahan, Louisville, for appellant.

Joseph R. Huddleston, Bowling Green, for appellee Shelvie Jean Wimpee, etc.

Reginald L. Ayers, Bell, Orr, Ayers & Moore, Bowling Green, for appellee Paul C. Deemer, Jr., D/B/A Deemer Floral Co.

J. Keller Whitaker, Director, Workmen's Compensation Bd., Dept. of Labor, Frankfort, for appellee Workmen's Compensation Bd.

GARDNER, Commissioner.

The Workmen's Compensation Board allowed recovery to the widow and dependent children of Darrell Wayne Kitchens who was killed by a highly charged electric wire while working on the roof of a house owned by Paul C. Deemer, Jr. The circuit court affirmed the board's decision and Transport Insurance Company, the compensation insurance carrier of Paul C. Deemer, Jr., d/b/a Deemer Floral Company, appeals. We affirm.

The ultimate question is whether the house was an integral part of the florist business at the time of the accident.

The florist company was owned and operated by Deemer as a sole proprietorship under the name of Paul C. Deemer, Jr., d/b/a Deemer Floral Company. The essential facts are undisputed.

The Deemer Floral Company was founded in 1930 by Deemer's parents. They owned land on both the east and west sides of Fairview Avenue in Bowling Green, Kentucky. On the portion on the east side were the greenhouses, retail store and shop, sheds and a residence. The portion on the west side consisted of a 17-acre tract with two houses. Approximately 13 acres of this tract were used for the growing of flowers and cover crops and for furnishing top soil, all for use in the florist business. Deemer became a partner in the business and subsequently by purchase and inheritance became the sole owner of all the business and the real estate.

For many years one of the houses—the one on which Kitchens was working when he was killed—was used as a storage building by the florist company. It was a two-story house with the first story composed of a dirt floor where flower bulbs, fertilizer and equipment were stored. The house was remodeled in 1946 and Deemer moved in. The storage space was changed from the first floor to the cellar. Water was hosed from the house to irrigate the nursery nearby. The water was paid for by the Deemer Floral Company. Deemer moved out of the house and for approximately four years immediately before the accident the house was rented to Dr. A. W. Laird, a teacher at Western Kentucky University. The rental fee was $125 per month but only $100 was paid in cash. He was given credit for $25 per month for his watching over the nursery area to help prevent stealing and molesting of flowers. The florist company had no claim of ownership of the house and the rental fee was paid to and retained by Deemer individually. The florist company paid the premium for insurance coverage on the house.

Kitchens was a regular employee of Deemer Floral Company, his activities being mostly that of maintenance and repair work. Deemer, in an individual capacity, never paid Kitchens any amount for services, and on the occasion of his death the wage for that day was paid by the florist company.

In its brief appellant says, "It is the position of the Appellant that Kitchens was covered under the Transport Insurance Company policy of insurance *only* if he was, at the time of his injury, engaged in the business operations for which the policy was procured and issued." Transport points out that in Globe Indemnity Company v. Doyle, Ky., 426 S.W.2d 425 (1968), we rejected the argument that if an employee is covered at all by the policy he is covered regardless of what he was doing

for the employer.[1] Transport goes on to say that the activity must be an integral part of the business for which the policy was issued in order to hold the compensation insurance carrier liable. It cites Old Republic Insurance Company v. Begley, Ky., 314 S.W.2d 552 (1958), where it was stated that an employer may be engaged in several businesses but if he desires any particular business to be within the policy that business must be specifically designated in the policy. It contends that although Kitchens was directed to work on the house by Deemer as owner of the florist company and his wages were paid by the florist company, he was in reality performing an act on a rental house unconnected with the florist business. It insists therefore that Transport is not liable because its policy was procured and issued to cover employees working for the Deemer Floral Company in its capacity as a florist. Transport is saying, in effect, that even if Kitchens was working for the florist company at the time of the accident and the florist company was operating the house as a rental project, the house was not being used in connection with the florist business and, therefore, was not part of the business for which the policy was issued and procured. We believe Transport is in error in its conclusion that the house was not being used in furtherance of the florist business.

The board found that Kitchens was killed by an accident arising out of and in the course of his employment with Paul C. Deemer, Jr., d/b/a Deemer Floral Company. We think there was substantive evidence to support that finding. Transport argues that since the facts were not in dispute, the question of whether Kitchens was acting within the course of his covered employment was an issue of law which imposed a duty on the court to make the determination. There appears to be a conflict in the authorities on the question, but since in the present instance both the board and this court are of the opinion that the rental house was being used as an integral part of the florist business at the time of the accident, we see no need to analyze the apparent conflict. It is recalled that the first floor of the house and later the cellar for years were used to store flower bulbs, nursery equipment and fertilizer. Water was used from the house for the nursery with the florist company paying the water bill, and the house was being rented to a man who watched over the nursery as part payment of the rental fee. We believe Bituminous Casualty Corporation v. Robinson, Ky., 476 S.W.2d 839 (1972), is analogous. There a filling station was owned by Childers individually who also had an interest in Childers Tire & Supply Company. When the filling station was not leased to an outsider the supply company operated it. The claimant, an employee of the supply company, was burned while cleaning the floor of the filling station. We said, " * * * the filling station was so linked with the Supply Company as an outlet for its products and Robinson kept on the company payroll throughout that we conclude he is entitled to protection under the policy."

We are of the opinion that Kitchens was entitled to protection under the policy.

Judgment affirmed.

All concur.

---

1. The Doyle case was decided when KRS 342.375 read in part as follows: "Every policy or contract of workmen's compensation insurance under this chapter, issued or delivered in this state, shall cover the entire liability of the employer for compensation under this chapter to everyone of his employes *covered by such policy,* * * *." The 1968 amendment changed the last four words to "*subject to this chapter.*" We do not believe it necessary in the decision of this case to interpret the meaning of the amendment.