**UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant,**

v.

**Steve S. ALEXANDER and City of Louisville Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

May 4, 1973.

C. Dant Kearns, Stites, McElwain & Fowler, Louisville, for appellant.

Stuart E. Alexander, Asst. Director of Law, Louisville, for appellee City of Louisville.

William C. Jacobs, Lexington, for appellee Steve Alexander.

CULLEN, Commissioner.

In the course of his employment as an apprentice or probationary fireman of the City of Louisville, Steve Alexander sustained an injury to his shoulder. The city had made an election under KRS 342.010 to operate under the Workmen's Compensation Act except as to members of the police and fire departments (for whom disability benefits were payable under certain conditions out of pension funds). Notwithstanding that the city had not elected to operate under the Act as to firemen, the Workmen's Compensation Board held that the city and its workmen's compensation insurance carrier, United States Fidelity & Guaranty Company (U. S. F. & G.) were *estopped* to deny liability to Alexander for workmen's compensation, and the board made an open-end award to Alexander for total disability.

U. S. F. & G. appealed from the board's order to the circuit court, and has appealed to this court from the circuit court's judgment upholding the board's order. Although the city, at the outset of the proceedings before the board, asserted the defense (as did U. S. F. & G.) that the city had not elected to operate under the Act as to firemen, the city did not argue that defense thereafter, and did not appeal from the board's order or from the circuit court judgment. It appears that the city feels that insured workmen's compensation liability would be better for it than uninsured common law tort liability.

The board's finding of estoppel was based solely on the fact that at the beginning of the 1969 policy year (during which Alexander was injured), U. S. F. & G. filed with the Workmen's Compensation Board an "Employer's Proof of Insurance of Liability to Pay Compensation" (Board Form No. 14) which stated that U. S. F. & G. had issued a policy "insuring the liability of said employer [the city] to pay compensation to its employes" *with no exceptions* (in a space on the form for listing exceptions U. S. F. & G. wrote in the words "No Exceptions"). U. S. F. & G.'s policy did not cover firemen; the city did not pay a premium for coverage of firemen; no one ever suggested to Alexander, prior to his injury, that he was under workmen's compensation; and of course Alexander never saw the Form 14 before his injury.

It appears that although the board used the term "estoppel," its holding really was that the filing of the Form 14 by U. S. F. & G., negating any exceptions of insurance coverage, had the effect of *extending the city's election of liability coverage so as to include firemen.* We think that this holding is wholly without valid basis.

The "Employer's Proof of Insurance of Liability to Pay Compensation" (Form 14) is required by the board for the obvious purpose of showing to the board that the employer has the required insurance to

cover *his liability*. It has nothing to do with what the employer's liability is. It merely certifies that to the extent that the employer has workmen's compensation liability, there is insurance. The form itself makes that clear, because it calls for a certification that the insurer has issued a policy "insuring the liability of said employer to pay compensation."

The portion of the form providing space for listing exceptions to coverage really is obsolete and meaningless, since the 1968 amendment to KRS 342.375. Prior to that amendment an insurance policy could cover less than the entire liability of the employer (for example, it could exclude certain classes of employes, even though the employer had elected to operate under the Act as to them). However, the statute as amended in 1968 now requires that the policy cover "the entire liability of the employer." As said in Bituminous Casualty Corporation v. Robinson, Ky., 476 S.W.2d 839, the policy now must cover "all *eligible* employes" (our emphasis). So U. S. F. & G. *could not* have listed any exceptions to coverage of the city's liability. But in any event the listing or nonlisting of exceptions could have reference only to *insurance coverage* of the *city's liability*; not to the extent of the city's *liability coverage*.

There simply is no rational basis on which it could be held that U. S. F. & G.'s statement on Form 14, as to what its insurance coverage was, had the effect of enlarging the city's liability coverage (absent any misleading of Alexander prior to his injury).

Since U. S. F. & G. insured only the city's liability to its employes for workmen's compensation and since the city had no liability to Alexander, there is no basis on which to impose liability on U. S. F. & G. It is true that under the procedural posture of this case, the city has accepted liability by failing to appeal from the board's order, but U. S. F. & G. did not insure liability of the city acquired in that way.

The judgment is reversed with directions to enter judgment setting aside the order of the Workmen's Compensation Board to the extent that it imposed liability on United States Fidelity & Guaranty Company.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.