In the Matter of the Claim of CHARLES K. SKORA, Respondent, against CONSERVATIVE BUILDING CORPORATION and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — liability of owner for injuries to employees of contractor doing part of work on building — under Workmen's Compensation Law, § 56, builder and carrier are liable to employee of contractor engaged in carpenter work on building being erected by owner.*

Appeal from an award of the State Industrial Board, made on October 27, 1927.

Award affirmed, with costs to the State Industrial Board, on the ground that there is some evidence to sustain the finding that the employer was a general contractor. Davis, Whitmyer and Hill, JJ., concur; Van Kirk, P. J., concurs on the ground that the insurance contract was made, by intent of both parties, to cover the facts in this case and the carrier contracted to insure the employees of Fisher in case Fisher did not secure insurance, and it accepted payment of a premium calculated upon the wages of this injured employee; Hinman, J., dissents, with a memorandum.

HINMAN, J. (dissenting). The Industrial Board has found that the Conservative Building Corporation was a general contractor; that Fisher was its subcontractor to do the carpentry work on several houses; that the claimant was the employee of Fisher; that Fisher had failed to obtain compensation insurance; and that, therefore, the general contractor and its carrier were liable, under section 56 of the Workmen's Compensation Law, for the award to claimant. Section 56 states: " A *contractor*, the subject of whose *contract* is, involves or includes a hazardous employment, who *subcontracts* all or any part of such *contract* shall be liable,"

etc. Surely that language contemplates that a corporation, to be liable for compensation awards to the employees of an uninsured subcontractor, must itself be under contract to do the work. If it is actually the owner of the property being constructed and is building houses for itself, it cannot be deemed to be under contract with itself to do the work; and if it is not, it is not " a *contractor*, the subject of whose *contract* is, involves or includes a hazardous employment." It does not " *subcontract* " if it parcels out the work to several contractors. Its status is simply that of owner. Those with whom it contracts are independent contractors whose employees are not covered by section 56. It matters not that such owner happens to be engaged in the general contracting business nor that, in its ignorance of the limitations of section 56, it happens to have taken out a policy covering this particular work. If it has no primary liability under that section, its insurance carrier which agrees to indemnify it is likewise free from obligation. In its written contract with Fisher, the Conservative Building Corporation designates itself as " *owner and builder* " and states that the houses are to be erected " *for* " the Conservative Building Corporation. It was unquestionably building for itself and there is not a particle of proof upon which a contrary finding can be predicated. The statement of its president that the corporation was a general contractor was his mere conclusion and has no evidentiary value in the face of undisputed evidence that the corporation was " owner " and was building for itself. I vote for a reversal of the award and dismissal of the claim as to both the Conservative Building Corporation and its carrier.

---

In the Matter of the Claim of MATHILDE KRAMBECK and HOWARD SUTHERLAND, as Alien Property Custodian of the United States, Respondent, against ESTATE OF MARTIN SCHMIDT and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion denied. Present — Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ.

In the Matter of the Claim of KASIA SEVERICK and HOWARD SUTHERLAND, as Alien Property Custodian of the United States, Respondent, against CROWELL-SHERMAN STATLER COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion denied. Present — Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ.