ESSEX COUNTY COURT OF COMMON PLEAS.

STEPHEN PRIBY, PETITIONER-APPELLEE, v. WALTER D. LEE, RESPONDENT-APPELLANT, AND GUS APPLE-QUEST.

Decided November 6, 1936.

For the petitioner-appellee, *Emanuel Pfeiffer*.

For the respondent-appellant, *Walter A. Beers*.

BRENNAN, C. C. J. This matter is before the court on appeal from a finding and determination had by the deputy commissioner of workmen's compensation, in favor of the petitioner-appellee. The appeal is based on the proposition that learned deputy commissioner was in error in awarding compensation against both the owner and the contractor.

An examination of the testimony and a reading of the briefs on behalf of the parties in interest, draws me to the conclusion that the learned deputy commissioner fell into error in awarding compensation against both the contractor and the owner.

The pertinent facts are that the respondent-appellant, Walter D. Lee, owned a parcel of land on Meadowbrook road, Short Hills, New Jersey, upon which he erected two buildings for the purpose of selling them, and to carry out this intent he entered into several separate contracts with various contractors, for plumbing, heating, mason work, carpenter work, &c. He did none of the work himself and hired no help in the erection of these buildings. He made a written contract with the respondent, Gus Applequest, for the carpenter work

on the buildings. Petitioner was employed by Applequest, and was injured in the course of his employment and for this injury compensation ran not only against Applequest as employer, but also against the owner, Lee. The learned deputy commissioner grounded the award as against the owner-appellant, upon the proposition that he was a contractor within the legal intendment of the statute; being chapter 128 of *Pamph. L.* 1924, *p.* 245; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3898, § \*\*236-72. This award was made in spite of the pronouncement of Mr. Justice Brogan, in *Mittan* v. *O'Rourke,* 115 *N. J. L.* 177, and the learned deputy commissioner in the process, sought to distinguish that case from the instant case, extracting some authority for his viewpoint from a pronouncement which Mr. Justice Brogan made *obiter,* in the course of his decision of the Mittan case, *supra.* In stating his reasons generally, in the Mittan case, Mr. Justice Brogan observed that *"Wilson was not in the business of building houses, but had contracted with several mechanics to have a completed house erected"* \* \* \*. The inference sought to be drawn from this observation as I gather it, is that if Wilson had been engaged in the business of building houses, the judgment of the court might be otherwise. In law or logic, I am not able to adopt this viewpoint, nor do I gather that it was the intention of the Supreme Court so to hold. The pertinent part of the statute the subject-matter of consideration, follows: "Any contractor placing work with a subcontractor, shall, in the event of the subcontractor's failing to carry workmen's compensation insurance as required by this act, become liable for any compensation which may be due an employe or the dependents of a deceased employe of said subcontractor." In a narrow sense, a contractor is any person who contracts with another. Its meaning judicially, in a case of this kind or analogous cases, is, I think, settled by the Mittan case. A subcontractor is defined in *Bouv. Dict.* (*Rawle's 3d Rev.*) 3163, as "one who had entered into a contract, express or implied, for the performance of an act with a person who has already contracted for its performance," citing *Lester* v. *Houston,* 8 *S. E. Rep.* 366.

It seems to me that definite analogy might well be drawn from mechanics' lien statutes as well, to establish the meaning of the words "contractor" or "subcontractor." In 40 *C. J.* 132, a contractor is described as follows: "contractor, or principal contractor, or original contractor, within the meaning of such statutes, is a person who contracts directly with the owner of the property to erect or construct a building or other structure or improvement or any main division or part thereof." * * * The person constructing a house on his own account, or for sale, is always described in such statutes, as the builder and owner. Such, in my judgment, was Lee, in the instant case. Applequest was the contractor, Priby was the employe of Applequest, and it is my conviction and I so hold, that Lee was not a contractor within the meaning of chapter 128, *Pamph. L.* 1924; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3898, § **236-72. The obvious result of this conclusion is that the determination in so far as it affects Lee, must be set aside. The finding and determination in so far as it asserts liability against Applequest, the contractor, will hold. The determination here may be submitted in accordance with these views, embracing the amount of compensation and other expenses to be paid by the contractor to the employe, as well as all the other items of expense and such counsel fees as may be awarded upon the submission of the determination.