In the Matter of the Claim of ARCHIBALD DEWHURST, Respondent, against ABRAHAM SIMON, Respondent, and FLUSHING CRESTWOOD, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued March 6, 1946; decided May 29, 1946.

*Leon Freedman* and *Arthur B. Erenstoft* for appellants. I. Section 56 of the Workmen's Compensation Law does not impose liability upon the appellants. (*Matter of Skora* v. *Conservative Building Corp.,* 233 App. Div. 799, 249 N. Y. 519.)

II. The developer was not a contractor within the meaning of section 56.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum, Orrin G. Judd* and *Lester D. Volk* of counsel), for Workmen's Compensation Board, respondent. I. The developer was in the position of a contractor and actually was engaged in the supervision of its contractors. The terms of the policy issued to it covered the claimant. The employer and carrier are estopped from denying liability under the Workmen's Compensation Law. (*Cary Brick Co.* v. *Fidelity & Casualty Co.,* 162 App. Div. 873, 220 N. Y. 744; *Matter of Greco* v. *Queenside Hills Realty Co.,* 266 App. Div. 704; *Matter of Dann* v. *Town of Veteran,* 278 N. Y. 461.)

DYE, J. The sole question presented by this appeal is whether Flushing Crestwood, Inc., as the owner of a subdivision which it was developing by the erection of single-family dwelling houses for purposes of sale to the public, is liable as a general contractor for injuries to an employee of a noninsured independent contractor within the spirit and meaning of section 56 of the Workmen's Compensation Law (as amd. by L. 1939, ch. 541).

The record discloses that the claimant was an employee of Abraham Simon who had an oral contract with Flushing Crestwood, Inc., to furnish and install window lights (at 17 cents each for the large and 11 cents each for the small) in the houses under construction and to be constructed, and, while engaged in the work, sustained the injuries for which an award has been made. Flushing Crestwood, Inc., let out all contract work in connection with the development, exercising no supervisory control over its performance other than to co-ordinate the progress of the separate contractors, keeping no payrolls and employing no workmen except one watchman.

The language of section 56, broad as it is in making a general contractor liable for injuries sustained by employees of its noninsured subcontractors, can not be so comprehensively construed as to include an owner engaged in contracting with others for the erection of buildings on its own lands and make it responsible for injuries sustained by employees of a noninsured independent contractor. In *Matter of Skora* v. *Conservative Building Corp.* (223 App. Div. 799, revd. 249 N. Y. 519) we reversed an award to

an employee of an alleged subcontractor on the ground that the appellant was not a contractor within section 56 of the Workmen's Compensation Law. Comparing section 56 as it then stood with the language as it now stands, we find no change sufficient to warrant a different interpretation. To broaden the scope of the principle expressed, resort should be had to legislative action, rather than to judicial construction.

The order of the Appellate Division should be reversed and the claim against Flushing Crestwood, Inc., and Public Service Mutual Casualty Co., Inc., carrier, dismissed and the matter remitted to the State Industrial Board for further proceedings not inconsistent herewith, with one bill of costs in this court and in the Appellate Division against the State Industrial Board.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Order reversed, etc.