Maurice L. MILLER, Appellant,

v.

O. S. BATTEN, Appellee.

Court of Appeals of Kentucky.

Dec. 3, 1954.

Hobson & Scott, Pikeville, for appellant.

Baird & Hays, Pikeville, for appellee.

MOREMEN, Justice.

Appellee, O. S. Batten, was awarded judgment against appellant, Maurice L. Miller, in the Pike Circuit Court on a parol contract for the division of engineering fees resulting from a written contract which Miller had with the city of Elkhorn City whereby he agreed to furnish all engineering data, including plans and specifications, for a waterworks system for the city and also to supervise its construction.

The dispute between the engineers relates to the manner of the division of fees. Appellee contends that, under a parol contract, he was to receive a sum equal to fifty per cent of the total fee obtained under the contract with Elkhorn City, whereas the appellant insists Batten was to receive only fifty per cent of the supervision fee or twenty-five per cent of the total fee.

A question of venue is decisive of this appeal, and only facts necessary for its determination will be recited.

Appellant, Miller, a hydraulic engineer who resides and maintains an office in Louisville, has had considerable experience in planning and installing waterworks and sewage systems. Appellee, O. S. Batten, is also a competent engineer in various engineering fields and he maintains an office in Pikeville.

In 1950, the council of Elkhorn City began consideration of plans for the improvement of its waterworks. Mr. Batten learned of their purpose and so advised Mr. Miller at his office in Louisville on December 30, 1950. Later Miller and Batten went to a council meeting where the city tentatively agreed to employ Miller as its engineer to plan and supervise the construction of the waterworks system. On January 13, 1951, Miller returned to Elkhorn City and submitted a written proposal to the council which was accepted by it. Under this contract the city agreed to pay Miller a sum equal to four per cent of the total cost of the construction for the preparation of the plan, and an additional four per cent for supervision of the work. On one of the above dates, when Miller was in Elkhorn City, he and Batten entered into the oral contract. The dispute concerns the terms of that contract.

In April 1953, upon hearing that Miller had been paid some $6,000 in fees, Batten asked that he be paid his proportionate share. Miller refused to pay fifty per cent of the total fee collected and soon thereafter appellee filed suit in the Pike Circuit Court to recover the amount he claimed. The appellant was served by process in Jefferson County and, on July 8, 1953, he filed a motion (after the new civil rules had gone into effect) which reads:

"The defendant entering his appearance specially for this purpose and for no other purpose, moves the Court as follows:

"To dismiss the action, or in lieu thereof, to quash the summons on the ground that same could not be lawfully issued to Jefferson County, and to quash the return of service of summons on the ground that the defendant has not been properly served with process in this action."

The motion was overruled by the court. Miller thereafter filed answer, in the second paragraph of which he denied that either party was a contractor and stated that plaintiff's cause of action was not a local action within the meaning of Section 77 of the Civil Code of Practice; that the action was solely a transitory one; that the defendant resided in Jefferson County and had not been summoned in Pike County and that the court had not acquired jurisdiction of the person of the defendant.

■ Since appellee's claim is one for money due under a contract, its nature is transitory unless the venue of the action is fixed by Section 77 of the Civil Code of Practice which is now KRS 452.475. This section reads:

"An action against a contractor who undertakes to construct, in whole or in part, any turnpike, bridge, railway, lock, dam, or other public work, for

labor done, or materials or supplies furnished, for the construction or promotion of said work, may be brought in the county wherein the labor, or most of it, is done, or wherein the materials, or supplies, or most thereof, are furnished; and if such bridge connect two counties, such action may be brought in either of them."

This court has not heretofore directly construed this specific provision. It has been mentioned in cases which turned on the construction of similar sections of the Code. In Gillen v. Illinois Central Ry. Co., 137 Ky. 379, 125 S.W. 1047, 1048, it was said:

"And by section 77 an action against a contractor for public work must be brought in certain counties."

 Perhaps the reason we have had little litigation concerning the meaning of this section is that everyone heretofore has construed the word "contractor" to mean "construction contractor" and we think this interpretation is correct. The general construction contractor in this case was the Coleman-Trainor Co. of Huntington, W. Va., and if this section applies to anyone, it applies to that organization which might have been sued in Pike County under Section 77.

We believe the position of appellant, Maurice L. Miller, is very similar to that of an architect of an ordinary construction job who is an agent, not of the general contractor, but of the owner of the property to be built. A peculiar meaning is given to the word "contractor," when used in connection with the building trade. Such a contractor is the person who contracts directly with the owner of the property to erect or construct a building or other structure or improvement belonging to the owner. It is true that every person engaged in commerce, under the generic classification of the word, may be called a contractor because all business is transacted under contract, express or implied. But in construing a statute, the general contents of

which deal with construction of "in whole or in part, any turnpike, bridge, railway, lock, dam, or other public work," the word "contractor" means the construction contractor and not every person who is connected with the project who may be operating under an agreement which may also be termed a contract.

We have concluded, therefore, that Section 77 of the Civil Code of Practice does not fix the venue of an action against the appellant engineer.

We also believe the question of venue of action was properly raised. CR 12.02; Brumleve v. Cronan, 176 Ky. 818, 197 S.W. 498.

Judgment reversed.