In the Matter of the Claim of the COMMISSIONER OF TAXATION AND FINANCE on Account of the Death of NILS BAARDSEN, Respondent, against RAMAPO LAND COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The Ramapo Land Company, Inc., entered into a contract with J. Pedersen and T. Olsen for a specified price to do the carpentry work on a home which it was building on its land for the use of its superintendent. The intestate of claimant-administrator, a carpenter, was killed on the job. Pedersen and Olsen were not insured in New York; the Workmen's Compensation Board, on re-examining the case has found that the actual supervision by Ramapo Land Company over the construction work and the carpenters engaged in it was so detailed and complete that it was an employer of the decedent. The issue on this question is sharply contested, but the record as now developed contains proof that Ramapo's superintendent, for whom the house was being built, directed the carpentry work in detail. Theodore Olsen testified that "he made his own plan", that "he gave the orders direct" to "the men and to myself"; that the progress of the work differed from the usual carpentry contract and that Ramapo's superintendent in effect controlled the building operation in detail. There is other proof in the same direction. It is sufficient to spell out control and to sustain the finding of an employer-employee relationship with the decedent. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Gibson and Reynolds, JJ., concur; Herlihy, J., dissents in the following memorandum: The employer herein, Ramapo Land Company, entered into a written contract with J. Pedersen and T. Olsen — herein referred to as the individuals — to do carpenter work on a house being built on the employer's property. It was drawn by Ramapo and accepted by the "individuals" and its terms were definite and unambiguous, providing in part: "you [Pederson and Olsen] are to have all necessary insurance protection including compensation and liability". In attempting to carry out this provision, the "individuals" procured a

compensation policy but mistakenly it covered employees in New Jersey and not New York. This was due, no doubt, to the close proximity of the State line, the employer's property being in both New Jersey and New York. Thereafter claimant, an employee of the "individuals", while working in New York, sustained compensable injuries resulting in his death. The board, following a hearing, determined the employer to be a general contractor and the "individuals" subcontractors and held the contractor liable. Thereafter the board reviewed its decision and after some additional testimony, made "corrected" findings that the "individuals" were agents of the employer, Ramapo Land Company, Inc. In my opinion, there was no substantial evidence to sustain the various findings of the board. *Matter of Mietlinski* v. *Hickman* (285 App. Div. 306) is in many respects similar to the present facts, including a quote on pages 310–311: "Perhaps it would be socially desirable to hold an owner liable for compensation to the employees of an uninsured contractor whom he had retained but the statute does not impose such liability * * *. A strained construction of the facts ought not to be adopted as a means of holding the owner liable." Such has been the law for many years. (*Matter of Beach* v. *Velzy*, 238 N. Y. 100; *Matter of Dewhurst* v. *Simon*, 295 N. Y. 352.) The fact that the board has changed the wording of "liability" to "agent" in their corrected findings does not alter the fundamental rule and there is no basis as a matter of law for such interpretation. The decision and award of the Workmen's Compensation Board should be reversed and the claim dismissed, with costs to the appellant against the Workmen's Compensation Board.