■ In the Matter of the Claim of DONALD P. FALSEY, Respondent, v. WALTER EASTMAN et al., Doing Business as EASTMAN DRY WALL COMPANY,

Respondents, and FOXWOOD FARMS, LTD., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by Foxwood Farms, Ltd., and its carrier from a decision and award of the Workmen's Compensation Board on the grounds that there is no substantial evidence to support the board's finding that Foxwood Farms, Ltd., was a general contractor within the meaning of section 56 of the Workmen's Compensation Law. The sole issue on this appeal is Foxwood Farms' liability under section 56. There is here no finding of an employment relationship between Foxwood Farms and claimant (cf. *Matter of Commissioner* v. *Ramapo Land Co.*, 9 A D 2d 800). Foxwood Farms was in the business of building and selling homes on land it owned in Onondaga County. Eastman Dry Wall Co., a partnership, was under verbal contract to construct the dry walls in these homes. Claimant in turn was an employee of Eastman. It has been long held as a general proposition that section 56 does not apply to an owner of property who contracts with an independent contractor to do work on his own premises (*Matter of Skora* v. *Conservative Bldg. Corp.*, 249 N. Y. 519; *Matter of Dewhurst* v. *Simon*, 295 N. Y. 352; *Matter of Mietlinski* v. *Hickman*, 285 App. Div. 306; *Matter of Sutera* v. *Horowitz*, 9 A D 2d 595). Decision reversed as to appellant Foxwood Farms, Ltd., and claim dismissed as to it, with costs against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.