GRAND RAPIDS GRAVEL COMPANY *v.* DEPARTMENT
OF TREASURY

1. WORDS AND PHRASES—"AT RETAIL"—DEFINITION—TAX STATUTES.

   The definition of "at retail" in the State sales tax statute does not
   apply to the State chain store tax statute, which gives no defini-
   tion of the term, because the two statutes have different pur-
   poses, the purpose of the sales tax being to raise revenue and
   the purpose of the chain store tax being to equalize competition
   by imposing penalties for multiple operation of retail establish-
   ments (CL 1948, §§ 205.51 *et seq.*, as amended; 205.401 *et seq.*,
   as amended).

2. SAME—RETAIL SALES—DEFINITION—SALES TO CONTRACTORS.

   Retail sales are sales of commodities or goods in small quantities
   to ultimate consumers; therefore sales of sand, gravel, and
   concrete to contractors are not retail sales because the con-
   tractors are not the ultimate consumers and they do not gen-
   erally buy in small quantities.

3. TAXATION—CHAIN STORE TAX—RETAIL SALES—GRAVEL COMPANY.

   Gravel mining and processing operator, which operated a number
   of plants in a local area, whose customers were contractors of
   various types and which occasionally made "nuisance sales" of
   very small amounts of sand and gravel from many of its plants
   to people who brought their own containers and filled them
   themselves, such sales amounting to about 0.5% of its gross
   sales and such amounts of material often being given away,
   *held,* not a retail seller within the meaning of the chain store
   tax act (CL 1948, § 205.401 *et seq.*, repealed by PA 1968,
   No 193).

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur, Sales and Use Taxes §§ 2, 24.
[2, 3] 47 Am Jur, Sales and Use Taxes §§ 24, 28.

Appeal from Court of Claims, Corkin (Leo W.), J., presiding, affirming State board of tax appeals. Submitted Division 2 April 3, 1968, at Lansing. (Docket No. 4,330.) Decided December 2, 1968.

Complaint by Grand Rapids Gravel Company, a Michigan corporation, against the State of Michigan, Department of Treasury, Department of Revenue Division, to recover certain taxes collected under the chain store tax act of 1933. Assessment upheld by State board of tax appeals. Plaintiff appealed to Court of Claims. Affirmed. Plaintiff appeals. Reversed.

*Miller, Johnson, Snell & Cummiskey (James A. Engbers,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William D. Dexter* and *James B. Saunders,* Assistant Attorneys General, for defendant.

T. J. Foley, J. This case comes before us for review of a decision of the court of claims upholding a tax assessment of plaintiff under the terms and provisions of the chain store tax act of 1933.[1]

Grand Rapids Gravel Company is an independent gravel mining and processing operator, whose operation is limited to the Grand Rapids area. Plaintiff mines and extracts earth from the ground, from which it produces gravel, sand and crushed items in various grades. It also maintains several batching plants for the preparation of ready-mix concrete from its raw materials.

Plaintiff maintains seven locations in and around Grand Rapids.

---

[1] CL 1948, § 205.401 *et seq.* (Stat Ann 1960 Rev § 7.481 *et seq.*).

Since September, 1961 plaintiff has had sales at its administrative office location which it terms as "nuisance" sales. "Nuisance" sales are also made from the six other locations. No containers are furnished for these sales and the person purchasing the material must shovel it himself. Often plaintiff will not charge for these materials. These "nuisance" sales amount to less than 0.5% of plaintiff's gross sales. Most of plaintiff's sales are to road contractors, general contractors, home builders and others in the construction business.

Plaintiff has paid a Michigan sales tax on those sales upon which it deems itself liable under the Michigan sales tax law.

On January 22, 1965 the Michigan department of revenue issued a notice of assessment to plaintiff alleging it was operating chain stores and therefore was subject to the chain store tax pursuant to the chain store tax act of 1933. This was the first time the department of revenue ever attempted to impose this tax on plaintiff in all its years of operation. The assessment was for the previous five years and in the amount of $970.

The State board of tax appeals upheld the assessment in the amount of $920, eliminating one location which was not in operation during the first fiscal year for which the tax was imposed.

Plaintiff appealed the assessment to the court of claims. The court of claims upheld the assessment and dismissed plaintiff's petition for recovery of chain store tax paid.

The question presented on appeal is whether plaintiff is operating chain stores so as to be subject to a tax assessment under the terms and provisions of the chain store tax act of 1933.

The specific section of the chain store tax act which requires interpretation in this case is section 2, which reads as follows:

"The term 'branch or chain store,' as used in this act shall be construed to mean and include any store or stores, or any mercantile establishments in excess of 1 which are owned, operated, maintained or controlled by the same person, firm, corporation, co-partnership or association, either domestic or foreign, in which goods, wares or merchandise of any kind are sold at retail: Provided, That 'store' as herein defined shall not be held to include any place or places of business commonly known as gasoline filling stations or gasoline bulk plants which deal primarily in the sale or distribution of petroleum products, and warehouses or elevators whose principal business is the buying, assembling and shipping farm produce." CL 1948, § 205.402 (Stat Ann 1960 Rev § 7.482).

Determinative of this appeal is the interpretation given the term "at retail." If plaintiff does not sell "at retail," then clearly it is not subject to the act. The term "at retail" is not defined in the chain store tax act. Defendant contends, however, that "at retail" is defined in the sales tax act[2] and that this definition is automatically incorporated into the chain store tax act because both acts relate to the same subject matter *i.e.,* taxation of the privilege of selling. Plaintiff admits that it sells "at retail" for purposes of the sales tax act, but maintains that the sales tax act definition of "at retail" is not incorporated into the chain store tax act.

The sales tax act clearly was designed to raise revenue. Plaintiff alleges, however, that the primary purpose of the chain store tax act was to

---

[2] CL 1948, § 205.51 as amended by PA 1964, No 214 (Stat Ann 1968 Cum Supp § 7.521).

impose penalties for multiple operation of retail establishments, not to raise revenue. In support of this contention, plaintiff relies on *C. F. Smith Co.* v. *Fitzgerald* (1935), 270 Mich 659 wherein the court cites the governor's message explaining his veto of this act:

" 'The primary purpose of this Act is therefore not revenue, but rather to use the power to tax as a means of equalizing economic opportunity.' " p 675.

Defendant attempts to counter this argument by citing another statement by the court in the same case:

"We may not inquire into the motives which actuated the legislature in the exercise of its taxing power." p 681.

Its reliance on this statement is misplaced, however. In the *Smith Case, supra,* the Supreme Court was considering the constitutionality of the chain store tax act. Refusal of courts to inquire into motives in that context is a well settled principle. Here, however, we are not concerned with the validity of the act. Defendant contends that the sales tax act and the chain store tax act relate to the same subject matter and were enacted for a common purpose. The *Smith Case, supra,* indicates that they do not have a common purpose. Furthermore, the applicability of definitions in the sales tax act is specifically limited to that act by the phrase "when used in this act." CL 1948, § 205.51 (Stat Ann 1968 Cum Supp § 7.521[1] ). The sales tax act definition of "at retail" is not incorporated into the chain store tax act.

In the absence of a statutory definition of a term,

"it is an accepted rule of construction, that words of a statute are to be given their plain and ordinary meaning, for it is to be presumed that the legislature,

not having indicated otherwise, so intended." *22 Callaghan's Michigan Civil Jurisprudence,* § 121 p 479.

*Webster's Third New International Dictionary* defines the term "retail" as "the sale of commodities or goods in small quantities to ultimate consumers." This is the plain and ordinary meaning of the word. Except for the "nuisance" sales which constitute only a minute portion of its business, plaintiff's customers are contractors of various types. Contractors are not ultimate consumers nor do they generally buy in small quantities. By definition a contractor is one who contracts to furnish a product or service to another. This latter person is the consumer. *Cf. Torti* v. *United States* (CA 7, 1957), 249 F2d 623, 625, 626.

Defendant's other arguments are without merit.

We take judicial notice of the repeal of the chain store tax act by PA 1968, No 193, effective March 31, 1969.

It is the decision of this Court that plaintiff gravel company does not sell "at retail" within the meaning of the term as used in the chain store tax act and that plaintiff therefore is not subject to a tax assessment under that act.

Reversed and remanded.

Lesinski, C. J., and T. G. Kavanagh, J., concurred.