John BRIGHT, Appellant,

v.

**REYNOLDS METALS COMPANY, Appellee.**

Court of Appeals of Kentucky.

Feb. 2, 1973.

Robert M. Lindsay, Segal, Isenberg, Sales & Stewart, Louisville, for appellant.

Kenneth L. Anderson, Woodward, Hobson & Fulton, Louisville, for appellee.

CULLEN, Commissioner.

Reynolds Metals Company (a manufacturer of aluminum products) desired to construct an additional rolling mill at its Plant No. 1 in Jefferson County, Kentucky. Instead of employing a general contractor, Reynolds undertook to supervise the construction with its own personnel, hiring independent contractors to perform specialized functions such as excavating, masonry, plumbing, etc. Reynolds contracted with J. U. Schickli & Brothers, Inc., to do the work of excavating the site and enclosing the foundation for the mill structure. John Bright, one of Schickli's employes, was injured while engaged in cutting out some old concrete at the excavation site. He brought a suit at common law against Reynolds, alleging that his injuries were caused by the negligence of Reynolds' employes in the way they had stacked some rolls of aluminum foil near the area where Bright was working (the rolls of foil had no connection with the construction work). Reynolds answered alleging that it was a "principal contractor" within the meaning of KRS 342.060, was therefore liable to Bright for workmen's compensation, and accordingly was

immune from common law liability to Bright, under Whittenburg Engineering & Construction Co. v. Liberty Mutual Ins. Co., Ky., 390 S.W.2d 877, and Simmons v. Clark Construction Co., Ky., 426 S.W.2d 930. Reynolds' motion for summary judgment, on the ground of immunity from common law liability, was sustained and judgment was entered dismissing Bright's claim. Bright has appealed.

The issue is whether, under the facts developed on the motion for summary judgment, Reynolds was a "principal contractor" within the meaning of KRS 342.060.

The statute provides, in principal part: "A principal contractor, intermediate or subcontractor shall be liable for compensation to any employe injured while in the employ of any one of his intermediate or subcontractors and engaged upon the subject matter of the contract, to the same extent as the immediate employer. * * * This section shall apply only in cases where the injury occurred on, in or about the premises on which the principal contractor has undertaken to execute work or which are under his control otherwise or management."

The statute does not undertake to define "principal contractor," so we are left to determine its meaning by resort to such things as common usage and the purpose of the statute.

■ Ordinarily, in common usage, a "contractor" is one who undertakes to perform work *for another*. Miller v. Batten, Ky., 273 S.W.2d 383; P. Grassi & Bro. v. Lovisa & Pistoresi, 259 N.Y. 417, 182 N.E. 68; Moorhead v. Grassle, 254 Minn. 103, 93 N.W.2d 678; McVeigh v. Brewer, 182 Tenn. 683, 189 S.W.2d 812; Jordan v. Lindeman & Co., Inc., 42 A.2d 781, 23 N.J.Misc. 194; Rogers v. Crane, 180 Okl. 139, 68 P.2d 520; Heffner v. White, 113 Ind.App. 296, 45 N.E.2d 342; Moore v. Smotkin, 79 Ariz. 77, 283 P.2d 1029; Murphy v. Fuller, 96 Ga.App. 403, 100 S.E.2d 137; Stockman v. McKee, 6 Terry 274, 45

Del. 274, 71 A.2d 875; Arkansas State Licensing Bd. for General Contractors v. Lane, 214 Ark. 312, 215 S.W.2d 707; Brygidyr v. Rieman, 31 N.J.Super. 450, 107 A. 2d 59; State v. Mitchell, 217 N.C. 244, 7 S.E.2d 567; Stocking v. Johnson Flying Service, 143 Mont. 61, 387 P.2d 312; Grand Rapids Gravel Co. v. State, 14 Mich.App. 677, 166 N.W.2d 53; Executive House Building, Inc. v. Demarest, La.App., 248 So.2d 405; Thorsheim v. State, Alaska, 469 P.2d 383; Wells Coal & Dock Co. v. Industrial Commission, 224 Wis. 546, 272 N.W. 480.

■ A "principal contractor" differs from a simple "contractor" only in that a "principal contractor" engages subcontractors to assist in the performance of the work or the completion of the project which the "principal contractor" has undertaken to perform *for another*. In ordinary meaning and common usage, therefore, an *owner* who undertakes to execute a work or complete a project under his own general supervision, contracting with others for specialized services, is not a "principal contractor." See Buckhorn Coal and Lumber Company v. Georgia Casualty, 222 Ky. 683, 2 S.W.2d 383. Priby v. Lee, 191 A. 105, 15 N.J.Misc. 292; Bamber v. City of Norfolk, 138 Va. 26, 121 S.E. 564; Falsey v. Eastman, 22 A.D.2d 1003, 254 N. Y.S.2d 958.

The conclusion is inescapable that Reynolds, as an owner of premises contracting with others for work to be done *for* Reynolds, was not a "principal contractor" under the meaning of that term in common usage. The question remains, however, whether by virtue of the clear purpose of the statute, the term "principal contractor" as used in it has a special meaning that would include an owner engaging work to be done for him.

The purpose of the statute obviously is to provide some up-the-ladder coverage for workmen engaged in work projects involving subcontracts. The question is whether the purpose must be considered to be to

provide *all possible* such coverage, so as to embrace not only the principal contractor in the usual meaning of that term, but the owner for whom the work is being done, when he does not use a general contractor. If the purpose were considered to be to provide as much coverage as possible, it would seem that the owner for whom the work is being done should be held liable whether or not he uses a general contractor. But no one has suggested that the purpose goes that far. On what basis, then, can it be said to go at all to the owner?

■ The purpose to provide some up-the-ladder coverage can be accomplished by construing the statute as intended to impose liability up the ladder to the principal contractor *when there is a principal contractor.* That is consistent with the ordinary meaning of the term "principal contractor," and it embraces all who are in the venture with the hope of making a profit out of the *doing* of the work as distinguished from one out of the use of disposition of the completed project. We cannot say that the purpose so obviously was to embrace the owner, when there is no principal contractor in the ordinary sense, that the term "principal contractor" must be given a meaning other than its normal one.

We are aware, as stated in Larson, The Law of Workmen's Compensation, Vol. 1A, secs. 49, 49.10, 49.11, 49.12, that in many states the owner of the property on which the work is being done is held liable for workmen's compensation to employes of subcontractors, where the owner does not use a general contractor, *if* the work project is part of the owner's *regular* or *normal* work or is "part of his trade or business." However, in those states the

statutes plainly impose the liability and expressly contain the limitation as to the project's being part of the owner's regular or normal work. Most of those statutes do not use the term "principal contractor," but rather use the term "employer" or "principal employer" or simply "person".[1]

The Kentucky statute does not contain any limitation with respect to the project's being part of the regular or normal work of the owner. Therefore, if this court were to say that our statute is intended to embrace the owner, the liability would be imposed upon him without regard to whether the project was a part of his regular or normal work. Thus the liability in Kentucky would be greater than in most any other state. We cannot find in our statute the intent to go that far. Larson, sec. 49.11, says that one reason for imposing liability on the "principal contractor" is that it is within his capacity, in choosing subcontractors, to pass on their responsibility and to insist upon appropriate compensation protection for their workers, and another reason is to forestall evasion of the workmen's compensation law by a person who might be tempted to subdivide his regular operations among subcontractors and thus escape direct employment relations with the workers. Both of those reasons contemplate that the project is part of the regular or normal work of the "principal contractor." If this court were to read such a qualification into our statute, we would be in the position of manufacturing out of thin air a highly specialized, extraordinary meaning of the terms "principal contractor."

Reynolds relies on Simon Service Incorporated v. Mitchell, 73 Nev. 9, 307 P.2d 110, where an owner was held to be a "principal contractor" under the Nevada

1. Alaska Statutes, Title 23, sec. 30.045; Arkansas Statutes, Title 81, sec. 1302(c); Arizona Revised Statutes, Title 23, sec. 902, subsec. B; Colorado Revised Statutes, Art. 9, sec. 81–9–1; General Statutes of Conn., Title 31, sec. 291; Delaware Code Annotated, Chapter 23, sec. 19– 2311; Illinois Revised Statutes, Chapter 48, sec. 138.1; Kansas Statutes Annotated, Chapter 44, sec. 503; Maine Revised Statutes Annotated, Chapter 3, Tit. 39, sec. 146; Compiled Law of Michigan, Chapter 411.10; Mississippi Code, Title 25, sec. 6998–04.

statute, which used that term. We are not persuaded by the reasoning of that opinion.

The judgment is reversed, with directions for further proceedings in conformity with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.