■ In the Matter of the Claim of WILLIAM DRAYTON, Respondent, v FIRST AVENUE HOLDING CORPORATION et al., Appellants; UNINSURED EMPLOYER'S FUND, Respondent, and DANTE ARGENTI, Doing Business as ARGENTI'S GENERAL CONTRACTING CO., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation

Board, filed June 27, 1974, which held appellant First Avenue Holding Corporation and its carrier liable for compensation benefits to the claimant pursuant to the provisions of section 56 of the Workmen's Compensation Law on the ground appellant was a general contractor. It is well established that an owner who contracts with an independent contractor for construction of his own property is not a contractor within the meaning of section 56 of the Workmen's Compensation Law (Matter of Dewhurst v Simon, 295 NY 352, 353; Matter of Falsey v Eastman, 22 AD2d 1003, 1004; Matter of Mietlinski v Hickman, 285 App Div 306, 310–311). It is urged, however, that this rule is not applicable in the instant case on the ground that since First Avenue was undertaking the construction pursuant to a modification of the lease with its tenant it was not acting as an owner but rather as a general contractor. We cannot agree. Clearly, First Avenue is in the business of leasing property, not repairing it, and the contract between First Avenue and its tenant was a modification of their original lease in order to allocate the cost of repairs necessary to make the premises acceptable for occupancy by the tenant. It was not a contract where a general contractor agrees to repair an owner's premises. The only contract for repairs was, therefore, between First Avenue and the claimant's employer. The fact that an owner enters into a contract in order to meet the occupancy requirements of a tenant does not change his status from an owner/lessor into a contractor, nor change the independent contractor into a subcontractor. The owner's reasons for contracting for repairs to his own premises does not affect his liability, or lack thereof, under section 56. Accordingly, the board's treatment of First Avenue as a general contractor under section 56 is clearly erroneous. Therefore, as an owner, First Avenue is not liable, and the board's determination must be reversed. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellants against the Uninsured Employers' Fund. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.