**UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,**

v.

**TECHNICAL MINERALS, INC., and Douglas Edward Hawkins, Appellees.**

No. 95–SC–1051–DG.

Supreme Court of Kentucky.

Nov. 21, 1996.

Walter Charles Jobson, William A. Miller, Sr., Ferreri & Fogle, Louisville, for appellant.

Danny E. Darnall, Kim Quick, Collier, Arnett & Coleman, Elizabethtown, for appellees.

GRAVES, Justice.

A contract labor company leased an employee, the appellee Douglas Edward Hawkins, (hereinafter "Hawkins") who was injured while working temporarily for Appellee Technical Minerals, Inc., (hereinafter "TMI"). Hawkins was paid workers' compensation benefits by contract labor company's insurance carrier, United States Fidelity & Guaranty Company, (hereinafter "USF & G"). Appellee Technical Minerals, Inc., paid the contract labor company a contract price for the employee's services. The determinative issue is whether TMI was a contractor for the purposes of the workers' compensation statute.

It is uncontested that the injury occurred in the course of the regular or recurrent part of TMI's business. Accordingly, workers' compensation benefits were paid by USF & G. Hawkins subsequently brought an action in tort claiming that his injuries resulted from the negligence of TMI's employees. USF & G intervened seeking to recover workers' compensation payments made under its policy of insurance. The trial court granted a summary judgment to TMI because the "exclusive remedy" provision of KRS 342.690(1) insulates it from tort liability for Hawkins' injuries. The trial court ruled that TMI was a contractor as defined in the Workers' Compensation Act, and therefore, Hawkins was barred from maintaining an action in tort. The Court of Appeals affirmed the trial court.

The viability of Hawkins' tort claim depends on whether the case of *M.J. Daly Co. v. Varney*, Ky., 695 S.W.2d 400 (1985), was overruled by implication in *Fireman's Fund Insurance Co. v. Sherman & Fletcher*, Ky., 705 S.W.2d 459 (1986).

The Kentucky Workers' Compensation Act at KRS 342.610, as paraphrased by Justice Vance in *Fireman's Fund Ins., supra* at 461 provides that:

(1) every employer subject to the chapter shall be liable for compensation for injury without regard to fault, (2) a contractor who subcontracts any part of his contract shall be liable for the payment of compensation to the employees of the subcontrac-

tor unless the subcontractor primarily liable for the payment of such compensation has secured its payment as provided by Chapter 342, and (3) a person who contracts with another to have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation or profession of such person, shall be deemed a contractor and such other person a subcontractor.

■ TMI contracted to have work performed by a contract employee. The work performed was a regular and recurring part of TMI's business. Therefore, under the clear statutory definition, TMI is a "contractor" within the meaning of the Kentucky Workers' Compensation Act and the contract labor company is a "subcontractor." KRS § 342.690(1), the "exclusive remedy" provision of the act, provides, in pertinent part:

If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. For purposes of this section, the term "employer" shall include a "contractor" covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation.

Hawkins cannot, therefore, as the circuit court correctly ruled, maintain an action in tort against TMI since his exclusive remedy is through the workers' compensation provisions. Hawkins has, in fact, received compensation for his injury, which was paid by the contract labor company's workers' compensation insurance carrier, USF & G.

Relying upon *M.J. Daly Co. v. Varney*, Ky., 695 S.W.2d 400 (1985), USF & G nonetheless argues that the term "contractor" is limited to its common usage and does not include the situation involved in this case. *M.J. Daly* involved facts virtually identical to the case *sub judice*. The injured plaintiff

was an employee of a contract labor company who leased him to M.J. Daly in the same fashion in which Hawkins was leased to TMI. In holding that M.J. Daly Company was not a "contractor," and thus not entitled to the "exclusive remedy" defense, we cited with approval and quoted *Bright v. Reynolds Metals Co.*, Ky., 490 S.W.2d 474, 476 (1973), for the following proposition:

> " 'The term 'contractor' is defined in the Act. KRS 342.610(2). It is limited to 'common usage,' meaning the situation where a 'principal contractor' engages subcontractors to assist in the performance of the work or the completion of the project which the 'principal contractor' has undertaken to perform for another.' " *M.J. Daly Co. v. Varney, supra* at 401.

To conclude that the M.J. Daly Company was not a contractor is erroneous because the statutory scheme under which *Bright* was decided was repealed effective January 1, 1973. Acts 1972, ch. 78, section 36. Prior to that date, the "exclusive remedy" provision was found in KRS 342.015(1) and the contractor's liability provision was found in KRS 342.060. The latter provision made a "principal contractor, intermediate or subcontractor" liable for payment of compensation benefits to the same extent as the immediate employer; and that provision had been interpreted to extend the "exclusive remedy" defense to a "principal contractor, intermediate or subcontractor" who was potentially liable for workers' compensation payments even if the worker's immediate employer had secured compensation benefits for him. *Simmons v. Clark Construction Co.*, Ky., 426 S.W.2d 930 (1968); *Whittenberg Engineering & Construction Co. v. Liberty Mutual Insurance Co.*, Ky., 390 S.W.2d 877 (1965). That interpretation was codified in the 1972 revision of the Act:

> "For purposes of this section, the term 'employer' shall include a 'contractor' covered by subsection (2) of KRS 342.610, whether or not the subcontractor has, in fact, secured the payment of compensation." KRS 342.690(1).

In *Bright, supra* at 476, it was pointed out that former KRS 342.060 did not undertake to define the term "principal contractor."

Thus, the court defined it on the basis of common law principles, and that is the definition recited in *M.J. Daly Co. v. Varney, supra* at 401. However, unlike the former KRS 342.060, the 1972 revision of the Act did not limit vicarious liability for compensation only to a "principal contractor, intermediate or subcontractor," but expanded it to include any "contractor," which term the statute defines *inter alia* as follows:

> "A person who contracts with another ... (b) to have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation or profession of such person, shall for the purposes of this section be deemed a contractor, and such other person a subcontractor," KRS 342.610(2).

Thus, even though we recognized in *M.J. Daly Co. v. Varney, supra*, that the term "contractor" is defined in KRS 342.610(2), we overlooked the statutory definition and recited instead the common law definition of "principal contractor," which had been used in *Bright v. Reynolds Metals Co.* to interpret the former KRS 342.060.

We corrected our previous oversight in *Fireman's Fund Insurance Co. v. Sherman & Fletcher, supra*, a case in which an employee of a contractor hired by the owner of the property on which the work was to be performed sued the owner in tort. Under identical facts, *Bright v. Reynolds Metals Co., supra*, had stood for the proposition that such an action was not barred by the "exclusive remedy" provision because an owner did not fall within the definition of "principal contractor." However, in *Fireman's Fund Insurance Co. v. Sherman & Fletcher*, it was held that the definition of "contractor" in KRS 342.610(2) was broad enough to include someone other than one who "engages subcontractors to assist in the performance of the work or the completion of the project which [he] has undertaken to perform for another."

> "Following the decision in *Bright v. Reynolds Metals Co., supra*, the General Assembly enacted KRS 342.610 in its present form which provides that a person who contracts with another to do work of a kind which is a recurrent part of the work of

the trade or occupation of such person shall be deemed a contractor. We construe this to mean that a person who engages another to perform a part of the work which is a recurrent part of his business, trade, or occupation is a contractor. Even though he may never perform that particular job with his own employees, he is still a contractor if the job is one that is usually a regular or recurrent part of his trade or occupation." *Fireman's Fund Insurance Co. v. Sherman & Fletcher, supra* at 462.

Based on this interpretation of KRS 342.610(2), we held that the claim of the contractor's employee against the owner was barred by the "exclusive remedy" provision. *Id.*

■ Our holdings in *M.J. Daly Co. v. Varney* and *Fireman's Fund Insurance Co. v. Sherman & Fletcher* cannot be reconciled. *Lee v. Porter*, Ky.App., 598 S.W.2d 465 (1980).

> "This jurisdiction has not favored the overruling of precedent by implication, but in some instances, it becomes necessary and in that event, the later decision will prevail. 20 Am.Jur.2d *Courts* § 232 and 21 C.J.S. Courts § 192. In such a situation, we must follow the decision that announces the sounder reasoning, *Meade v. Commonwealth*, 214 Ky. 88, 282 S.W. 781 (1926)...." *Lee v. Porter, supra* at 468.

On this issue, *Fireman's Fund Insurance Co. v. Sherman & Fletcher* is not only a more recent decision than *M.J. Daly Co. v. Varney,* but it is the opinion with the sounder reasoning, since it interprets the language of the existing statute rather than adopting an interpretation of a repealed statute. Since the injury occurred while Hawkins was performing work which is a regular or recurrent part of the business, trade or occupation of TMI, his claim is barred by the exclusive remedy provision of KRS 342.690(1). TMI would have been liable for workers' compensation benefits if the contract labor company had not already secured those benefits.

The contract labor company, as the subcontractor, is primarily liable for the workers' compensation benefits of its employee Hawkins pursuant to KRS § 342.610(2), which provides in pertinent part:

A contractor who subcontracts all or any part of a contract and his carrier shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter. Any contractor or his carrier who shall become liable for such compensation may recover the amount of such compensation paid and necessary expenses from the subcontractor primarily liable therefor.

While this is a case governed by principles of statutory construction, it is proper to consider whether the Legislature intended to adversely affect existing business enterprises. As a practical matter, if the statute here were construed to allow a common law civil action against an employer who obtains a temporary employee through a temporary services company, no employer in his right mind would hire such an employee. The effect of this would be to destroy the temporary services industry.

Historically, a major reason employers were willing to provide Workers' Compensation benefits was to be free of common law civil liability. By the argument of plaintiffs in this case, such would be totally frustrated and the plaintiff would have the best of both worlds, Workers' Compensation benefits and a common law right of action. By contrast, the defendant/employer would have the worst of both worlds and this could not have been legislative intent.

Our conclusions and opinions to this point preclude the necessity of addressing appellant's other contentions.

The judgment of the Hardin Circuit Court and the decision of the Court of Appeals are affirmed.

STEPHENS, C.J., and BAKER, GRAVES, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

KING, J., dissents without opinion.