**Tom WRIGHT, Appellant,**

v.

**DOLGENCORP, INC. and Dollar General Corporation, Appellees.**

No. 2003–CA–001715–MR.

Court of Appeals of Kentucky.

Sept. 24, 2004.

Discretionary Review Denied by Supreme Court May 11, 2005.

Steven D. Downey, Bowling Green, KY, for appellant.

H. Brent Brennenstuhl, Bowling Green, KY, for appellee.

Before BUCKINGHAM, JOHNSON, and KNOPF, Judges.

## OPINION

BUCKINGHAM, Judge.

Tom Wright appeals from a summary judgment rendered by the Allen Circuit Court in favor of Dollar General Corporation and Dolgencorp, Inc. We affirm.

Wright was a truck driver employed by Werner Enterprises, which was under contract with Dollar General to provide drivers and trucks for the purpose of transporting merchandise from Dollar General's various distribution centers to its stores. On January 3, 2001, Wright picked up a trailer at Dollar General's distribution center in Scottsville, Kentucky, for the purpose of delivering merchandise to Dollar General stores, including the store in Clintwood, Virginia. The merchandise loaded in the trailer included cases of paper towels and toilet paper and cases containing six one-gallon bottles of liquid bleach.

Wright had made at least one stop to unload merchandise along his route when he arrived at the store in Virginia. Shortly after climbing into the trailer to assist with the unloading of the merchandise, Wright was struck in the head and knocked to the floor by a case of liquid bleach that fell from the top of lighter boxes of paper goods. He sought medical attention for his injuries and submitted a workers' compensation claim against his employer, Werner Enterprises. Werner's insurer paid the claim.

Due to his injuries and the medication required to treat them, Wright was unable to continue truck driving for some time. The difficulties he encountered as a result of his injuries led him to file a negligence claim against Dollar General and Dolgencorp.[1] On November 11, 2001, Wright filed a civil action in the Allen Circuit Court alleging that the primary cause of his injuries was the negligent loading of the trailer by Dollar General employees at the Scottsville distribution center.

---

1. Dolgencorp, Inc., is a wholly-owned subsidiary of Dollar General Corporation. It owns and operates the distribution center in Scottsville.

Dollar General and Dolgencorp filed a summary judgment motion asserting their immunity from tort claims due to the exclusive remedy provision of KRS[2] 342.690(1). The circuit court agreed, and summary judgment was entered in their favor. This appeal by Wright followed.

The exclusive remedy provision in the statute states in pertinent part as follows:

If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. For purposes of this section, the term "employer" shall include a "contractor" covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation.

342.690(1). Further, "[a] principal contractor, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any one (1) of his intermediate or subcontractors and engaged upon the subject matter of the contract, to the same extent as the immediate employer." KRS 342.700(2). Also, KRS 342.610(2) states in pertinent part as follows:

A contractor who subcontracts all or any part of a contract and his carrier shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter.

*Id.* That portion of the statute further states that "[a] person who contracts with another: ... (b) To have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person ... shall for the purposes of this section be deemed a contractor, and such other person a subcontractor." *Id.*

Wright argues that the circuit court erred by granting judgment in favor of Dollar General and Dolgencorp because it interpreted KRS 342.610(2) inconsistently with the plain wording of the statute. He maintains that the court should not have interpreted the statute in such a manner that Dollar General was considered to be a contractor that was immune from tort liability under KRS 342.690(1). Citing the language of KRS 342.610(2), Wright maintains that the statute only applies to a contractor "who subcontracts all or any part of a contract." Since Dollar General was not subcontracting with Werner Enterprises to undertake work that Dollar General was under contract to do for another party, Wright contends that Dollar General could not be held to be a contractor and thus cannot claim immunity from tort liability for its negligence in connection with his injuries.

In support of his argument, Wright cites *Bright v. Reynolds Metals Co.*, Ky., 490 S.W.2d 474 (1973). That case involved facts similar to the case herein. Reynolds Metal Company desired to construct an additional rolling mill at its plant in Jefferson County, Kentucky. Rather than employing a general contractor, Reynolds hired independent contractors to perform specialized work such as excavating, masonry, and plumbing. Reynolds contracted with a business for the excavation work, and one of the business's employees was

injured on the job. The employee brought a negligence action against Reynolds, and Reynolds responded by alleging that it was a "principal contractor" within the meaning of KRS 342.060 (now KRS 342.700(2)). Therefore, it asserted that it was immune from tort liability pursuant to KRS 342.690(1).

Although the trial court accepted Reynolds' argument and rendered summary judgment in its favor, the appellate court reversed the trial court. *Id.* at 478. The appellate court stated that "an owner who undertakes to execute a work or complete a project under his own general supervision, contracting with others for specialized services, is not a 'principal contractor.'" *Id.* at 476. Based on the *Bright* case and the provisions of KRS 342.610(2), Wright argues that Dollar General is not a covered contractor and, therefore, is not entitled to immunity from his tort claim.

The fallacy in Wright's argument is that the *Bright* case was decided before the language in the last part of KRS 342.610(2) was added to the statute. That portion of the statute states that "[a] person who contracts with another ... (b) To have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person ... shall for the purposes of this section be deemed a contractor, and such other person a subcontractor." KRS 342.610(2). It is not disputed that the loading of the trailers and the transportation of the merchandise from the distribution center to the stores was a regular or recurrent part of Dollar General's business. Therefore, under that portion of the statute, Dollar General is deemed to be a contractor and Werner Enterprises a subcontractor. Being a contractor, Dollar General would be liable for the payment of workers' compensation benefits to the employees of Werner Enterprises unless Werner Enterprises secured the payment of such compensation. *See* KRS 342.610(2). Therefore, Dollar General is immune from tort liability pursuant to the exclusive remedy provision in KRS 342.690(1).

In *Fireman's Fund Ins. Co. v. Sherman & Fletcher,* Ky., 705 S.W.2d 459 (1986), the Kentucky Supreme Court was again faced with a fact situation similar to the facts in this case. In that case the owner of the business was acting as his own contractor, and an employee of a subcontractor was killed when a concrete block wall at the construction site collapsed. The subcontractor provided workers' compensation insurance with Fireman's Fund, and Fireman's Fund paid benefits to the estate. The fatally injured employee's estate then filed a complaint in the Jefferson Circuit Court against the owner who had acted as his own contractor.

On appeal the Kentucky Supreme Court acknowledged its prior decision in the *Bright* case. *Id.* at 461–62. However, the court noted that KRS 342.610 had been amended following the decision in the *Bright* case. In reviewing the language in the latter part of KRS 342.610(2), the supreme court stated that "[w]e construe this to mean that a person who engages another to perform a part of the work which is a recurrent part of his business, trade, or occupation is a contractor." *Id.* at 462. Thus, the court held that the owner/contractor had no tort liability due to the exclusive remedy provisions of KRS 342.690(1). *See also U.S. Fidelity & Guar. Co. v. Technical Minerals, Inc.,* Ky., 934 S.W.2d 266 (1996), wherein the Kentucky Supreme Court stated that in the *Fireman's Fund* case it held that the definition of "contractor" in KRS 342.610(2) included someone other than one who "engages subcontractors to assist in the performance of the work or the completion of the

project which [he] has undertaken to perform for another." 934 S.W.2d at 268.

While we hold that the trial court correctly determined that Dollar General was a contractor and was immune from tort liability, Wright urges us to disregard the *Fireman's Fund* case and the *U.S. Fidelity* case because they are inconsistent with the plain statutory language and legislative intent. "The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court." SCR[3] 1.030(8)(a). *See also Smith v. Vilvarajah,* Ky.App., 57 S.W.3d 839, 841 (2001). In short, because this issue has been definitively resolved by the Kentucky Supreme Court, we are bound by precedent.

The judgment of the Allen Circuit Court is affirmed.

ALL CONCUR.

---

**3.** Rules of the Supreme Court.